IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHNNY C. RUTHERFORD, JR. and MARY RUTHERFORD, and JOHNNY RUTHERFORD on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company, doing business in Montana as Blue Cross and Blue Shield of Montana, and MONTANA UNIVERSITY SYSTEM,<br>    Defendants. | **Case No. CV-24-81-H-BMM**<br><br>**ORDER** |

## INTRODUCTION

Plaintiff's Johnny C. Rutherford, Jr., Mary Rutherford, and Johnny Rutherford on behalf of those similarly situated, (collectively "Rutherford'") filed a complaint in Montana state court alleging the following claims against Health Care Service Corporation and the Montana University System (hereinafter "HCSC" and "MUS" respectively): 1) common law bad faith; 2) breach of fiduciary duty; 3) consumer protection act violations; 4) breach of contract; 5) breach of the implied covenant of good faith and fair dealing; 6) agent liability of HCSC; and 7) negligence. (Doc. 4.) HCSC removed the action to federal court asserting diversity

jurisdiction. (Doc. 1.) Rutherford also asks for the following relief and asserts class action causes of action as follows: 8) request for declaratory judgment; 9) request for injunction; 10) common law baith faith; 11) violation of the Montana Unfair Trade Practices Act; 12) negligence per se; 13) violation of the consumer protection act; and 14) unjust enrichment. (Doc. 4 at 25-43.)

MUS employed Rutherford as the facilities director of the Helena college, University of Montana. (*Id*. at 3.) MUS provides health insurance to Rutherford under Montana University System Group Benefits Plan. (*Id*.) HCSC administers the Plan. (*Id*.) Rutherford experienced two herniated discs in his spine causing him severe pain. (*Id*. at 4.) Rutherford's pain affected his ability to physically work. (*Id*.) Rutherford underwent several pain management treatments, and physical therapy sessions to alleviate the pain. Nothing fully mitigated his pain. (*Id*. at 5.)

Rutherford sought treatment at the Mayo Clinic ("Mayo") in Rochester, Minnesota. (*Id*.) Dr. Arjun Sebastian ("Sebastian") determined that Rutherford's nerve roots had been severely compromised, and the best option was to perform surgical repair on the nerves. (*Id*.) Rutherford sought to have MUS and HCSC pay for Rutherford's surgery. (*Id*.) Mayo sought pre-authorization from HCSC. (*Id*. at 6.) HCSC responded it did not require pre-authorization. (*Id*.) Sebastian performed the surgery and completely alleviated Rutherford's pain. (*Id*.)

The type of surgery performed on Rutherford requires HCSC to undergo a "medical necessity and experimental, investigations or unproven" review before approving the cost of the surgery. HCSC obtained medical records regarding Rutherford's surgery from Mayo and conducted a review. HCSC determined Rutherford's surgery was not covered and denied coverage. (*Id*. at 6-7.) Sebastian appealed on behalf of Rutherford and submitted reasons why he thought Rutherford's surgery was necessary. HCSC withdrew its denial and approved Rutherford's claim and paid the claim in full.

Rutherford filed a motion to unseal the information filed under seal by HCSC. (Doc. 21.) The parties filed a joint notice to the Court regarding the motion to unseal. The Court enters the following order pursuant to the parties agreement.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Rutherford's Motion to Unseal (Doc. 21.) is **GRANTED in part**.
2. The following should be sealed and redacted:
    a. Defendant's confidential Standard Operating Procedure and internal claim notes, which were attached to the Second Foundational Declaration of John Morrison that accompanied the Second Amended Complaint.

    b. The Federal Employees Health Benefit Contract or Montana University System Third Party Administrator Contract included in the State Court file.

    c. Dr. Kimberly Warren-Ellis' time sheet, attached to the Second Amended Complaint.

3. The Declaration of Yvonne Hencley should be unsealed.

4. The SAC (Doc. 4.) should be unsealed including footnote 12.

5. The First Foundation Declaration of John Morrison should be unsealed with redactions to names of employees other than deponents. The addresses of employees should be redacted.

6. The parties should file any documents with the agreed upon redaction.

7. Any document not referenced in this order shall remain unchanged.

**DATED** this 14th day of May, 2025.

_____
Brian Morris, Chief District Judge
United States District Court