FILED
06/25/2024
Angie Sparks
CLERK
Lewis & Clark County District Cour
STATE OF MONTANA
By: Cindi Colbert
DV-25-2023-0000789-NE
Menahan, Mike
32.00

Daniel J. Auerbach
Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
201 West Railroad Street, Suite 300
Missoula, MT 59802
Telephone: (406) 728-1694
Facsimile: (406) 728-5475
daniel@bkbh.com
christy@bkbh.com

*Attorneys for Defendants*

## MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

| | |
|---|---|
| JOHNNY C. RUTHERFORD, JR. and MARY RUTHERFORD,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company, doing business in Montana as Blue Cross Blue Shield of Montana, and the MONTANA UNIVERSITY SYSTEM,<br><br>Defendants. | Cause No. DV-25-2023-000789-NE<br><br>**DEFENDANT BLUE CROSS AND BLUE SHIELD OF MONTANA'S AMENDED ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

NOW COMES, Defendant Health Care Service Corporation, an Illinois mutual legal reserve company, doing business as Blue Cross and Blue Shield of Montana ("BCBSMT"), and for its Answer and Affirmative Defenses to the Amended Complaint of Plaintiffs Johnny C. Rutherford and Mary Rutherford ("Plaintiffs") states as follows:

1.    Plaintiff Johnny C. "John" Rutherford (hereinafter referred to as either "Mr. Rutherford" or "John") is a citizen and resident of the state of Montana, living in Lewis and Clark County.

**ANSWER: Admitted.**

//

2.    Defendant Health Care Service Corporation is an Illinois Mutual Legal Reserve Company with its headquarters in Chicago, Illinois, which does business in Montana under the name "Blue Cross and Blue Shield of Montana." (BCBS).

**ANSWER: Admitted.**

3.    Defendant Montana University System is a government entity that employs the Plaintiff, Mr. Rutherford, and provides health insurance to him as an employment benefit under a self-funded government plan, the Montana University System Group Benefits Plan, that is administered by BCBS.

**ANSWER: Based on information and belief, BCBSMT admits that Plaintiff Johnny Rutherford is insured under the self-funded government plan, the Montana University System Group Benefits Plan ("Plan") and that BCBSMT administers the Plan. BCBSMT further admits that Defendant Montana University System is a government entity. BCBSMT lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.**

4.    Mr. Rutherford is and at all material times has been the facilities director at Helena College, University of Montana. It is in that role that he is covered by the said health insurance under the identification number MVA 826750411.

**ANSWER: BCBSMT admits that Plaintiff Johnny Rutherford is covered by a health insurance plan and that he has been assigned identification number MVA 826750411. BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph. To the extent a response is required, the remaining allegations are denied.**

**GENERAL ALLEGATIONS**

5.    On Sunday, April 2, 2023 John woke to severe pain in his right shoulder. After taking over the counter medications to no effect, he was taken to Urgent Care. Staff took x-rays of

1   his right shoulder but could not find an issue to explain the pain he was experiencing. They gave

2   John prescription strength medications and suggested he see his primary care physician.

3       **ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about**

4   **the truth of the allegations contained in this paragraph. To the extent a response is required,**

5   **the allegations are denied.**

6       6.    On Tuesday April 4, the pain was severe to point of being debilitating. John's wife

7   Mary took him to the St. Peter's hospital emergency room where staff were able to control the pain

8   intravenously. They sent John home with stronger prescription meds.

9       **ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about**

10  **the truth of the allegations contained in this paragraph. To the extent a response is required,**

11  **the allegations are denied.**

12      7.    John was able to see his primary care provider the next day. He was sent to Helena

13  Orthopedic for further x-rays and diagnosis. He later had an MRI, which revealed two herniated

14  discs between C5 and C6 and between C6 and C7. The fluid from the discs was leaking onto the

15  nerve servicing John's right shoulder and arm.

16      **ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about**

17  **the truth of the allegations contained in this paragraph. To the extent a response is required,**

18  **the allegations are denied.**

19      8.    At this point John's right arm was numb and his right hand was "tingly." It felt like

20  the hand was falling asleep. This was 24/7. John was unable to do any kind of physical labor,

21  which was a particular hardship because Mary and John had purchased a home that required a

22  complete renovation. They had done such renovations several times over the years. John was

23  unable to perform at an optimum level at his work, as the Director of Facilities at Helena College,

24  for the same reason. In that work, John has always been a "hands on" director, always working

25  with his crew to accomplish any task.

26  //

27

**ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. To the extent a response is required, the allegations are denied.**

9.      John went through several PT sessions and had an x-ray guided cortisone shot in his C6 vertebrae. Nothing worked. John's pain was only partially mitigated with prescription medications, such as hydrocodone and gabapentin, as well as several steroids.

**ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. To the extent a response is required, the allegations are denied.**

10.      In May, John sent his records to Mayo Clinic (Mayo) in the hopes that they would be able to either effect repairs to his cervical spine or offer an effective course of non-invasive treatment. Mayo responded immediately with the recommendation that John travel to Rochester, Minnesota for further tests and a consult.

**ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. To the extent a response is required, the allegations are denied.**

11.      This happened on the June 5, 2023. Dr. Arjun Sebastian met with John and Mary to show them the result of the MRI and the x-rays taken at Mayo. The images showed that the nerve roots had been severely compromised. All four nerve canals were nearly closed off. After much conversation it was determined that the surgical option was John's best course of action. John made an appointment to return to Rochester for surgery on the June 27, 2023.

**ANSWER: BCBSMT admits that records in its possession indicate that Plaintiff Johnny Rutherford met with Dr. Arjun Sebastian for evaluation of his neck and right arm. BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph. To the extent a response is required, the remaining allegations are denied.**

//

12.    As noted above, John's primary health insurance is the Montana University System Group Benefits Plan administered by BCBS. As BCBS administered this coverage, Mayo called them for pre-authorization. BCBS informed Mayo, through an automated system, that pre-authorization was not required for the procedure.

**ANSWER: BCBSMT admits that it administered the Plan. With regard to the allegations concerning the Mayo Clinic, BCBSMT lacks knowledge or information sufficient to form a belief as to the truth of these allegations, because, upon information and belief, the Mayo Clinic is located in Minnesota, and sent documents and communications to the local plan, BCBS Minnesota, not BCBSMT. To the extent a response is required, the remaining allegations are denied.**

13.    The surgery performed by Dr. Sebastian was a complete success. Postoperatively, John experienced nearly complete relief from his intractable, crippling pain. Unfortunately, his pain was replaced with the stress of dealing with an insurance company that refused to pay for the procedure on grounds that it was not necessary.

**ANSWER: BCBSMT admits that records in its possession indicate that surgery was performed by Dr. Sebastian. BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in the second sentence of this paragraph. The allegations contained in the third sentence of this paragraph are denied.**

14.    Not long after successfully completing the procedure, John was informed that BCBS was denying coverage on the basis that it was "not medically necessary." The denials began in July. By letter of July 21, 2023, BCBS denied coverage for procedure codes 22845 (interior instrumentation in 2-3 vertebral segments) and 22853 (insertion of inter body biomechanical device(s) (e.g., synthetic cage, mesh) with integral anterior instrumentation for device anchoring screws flanges), when performed to intervertebral disk space in conjunction with inter body arthrodesis, each interspace) on grounds that the procedure was "Not Medically Necessary."

**ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on July 21, 2023. That letter is in writing and speaks for itself.  To the extent that any of the**

1    **allegations of this paragraph conflict with the plain language of that letter, they are denied.**
2    **BCBSMT further admits that pursuant to the terms of the Plan, BCBSMT has approved**
3    **coverage for the services alleged in this paragraph and has paid the Mayo Clinic for those**
4    **services. BCBSMT denies that coverage for procedure codes 22845 and 22853 was denied,**
5    **as claims related to those procedure codes were approved for payment on January 5, 2023.**
6    **BCBSMT denies remaining allegations of Paragraph 14.**

7    15.    By letter of July 27, 2023, BCBS denied coverage for procedure codes 2251
8    (arthrodesis, anterior inter body, including disc space preparation, discectomy, osteophytectomy
9    and decompression of spinal cord and/or nerve roots; cervical below C2) and 22552 (arthrodesis,
10   anterior inter body, including disc space preparation, discectomy, osteophytectomy and
11   decompression of spinal cord and/or nerve roots; cervical below C2, each additional interspace.")
12   on grounds that the procedure was "Not Medically Necessary."

13   **ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on**
14   **July 27, 2023. That letter is in writing and speaks for itself.  To the extent that any of the**
15   **allegations of this paragraph conflict with the plain language of that letter, they are denied.**
16   **BCBSMT further admits that pursuant to the terms of the Plan, BCBSMT has approved**
17   **coverage for the services alleged in this paragraph and has paid the Mayo Clinic for those**
18   **services. BCBSMT denies that coverage for procedure codes 22551 and 22552 was denied,**
19   **as claims related to those procedure codes were approved for payment on January 5, 2023.**
20   **BCBSMT denies the remaining allegations of Paragraph 15.**

21   16.    By letter dated August 2nd, 2023, BCBS denied coverage for procedure 77092
22   (trabecular bone score (TBS), structural condition of the bone microarchitecture; interpretation and
23   report on fracture risk only by other qualified health care professional), on grounds that the
24   procedures were "Experimental, Investigational, and/or Unproven."

25   **ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on**
26   **August 2, 2023. That letter is in writing and speaks for itself.  To the extent that any of the**
27   **allegations of this paragraph conflict with the plain language of that letter, they are denied.**

17.    By letter dated August 22nd, 2023, BCBS denied coverage for procedure codes 22551, 22552, 22853, and 22845, described as arthrodesis, anterior inter body, including disc space preparation, discectomy, osteophytectomy and decompression of spinal cord and/or nerve roots; cervical below C2, insertion of inter body biomechanical device(s) (e.g., synthetic cage, mesh) with integral anterior instrumentation for device anchoring and anterior instrumentation; 2 to 3 vertebral segment and all associated procedures and services" again on grounds that it was "Not Medically Necessary."

**ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on August 22, 2023. That letter is in writing and speaks for itself.  To the extent that any of the allegations of this paragraph conflict with the plain language of that letter, they are denied. BCBSMT further admits that pursuant to the terms of the Plan, BCBSMT has approved coverage for the services alleged in this paragraph and has paid the Mayo Clinic for those services. BCBSMT denies that coverage for procedure codes 22551, 22552, 22853, and 22845 was denied, as claims related to those procedure codes were approved for payment on January 5, 2023. BCBSMT denies the remaining allegations of Paragraph 17.**

18.    On August 30, John spoke with "Genica" at BCBS. She informed John that documentation had to come from the provider, and she recommended that John move forward with scheduling a "peer to peer" conversation between the BCBS medical director and Dr. Sebastian. This would be an opportunity, Genica said, for them to not only talk about the procedure but the symptoms and alternative treatments leading up to the surgical decision. John shared this information with "Dawn" at Mayo, along with the BCBS phone number. BCBS put a deadline on this conversation of September 22.

**ANSWER: BCBSMT admits that a call occurred between BCBSMT and Plaintiff Johnny Rutherford on August 30, 2023. After reasonable investigation, BCBSMT currently lacks information sufficient to admit or deny the details of what transpired during that call. BCBSMT's investigation is ongoing.  To the extent a further response is required, the remaining allegations are denied.**

19.    John followed up with Mayo on September 15, 2023, and was told that the peer-to-peer conversation had not yet taken place. John reiterated how important it was that this conversation take place by the 22nd. Mayo reported that BCBS was not making themselves available.

**ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. To the extent a further response is required, the remaining allegations are denied.**

20.    On information and belief, also on about September 15, 2023, Mayo provided an explanation from Dr. Sebastian to BCBS explaining in detail why the procedure he performed upon Mr. Rutherford was necessary. Dr. Sebastian concluded by saying, "Please let our office know if you have any further questions at 507-538-0514."

**ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph. To the extent a further response is required, the remaining allegations are denied.**

21.    John was later told that Mayo had been able to connect with BCBS on September 19 regarding the peer-to-peer conversation, but that BCBS told Mayo BCBS no longer offered it as an option.

**ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. To the extent a further response is required, the remaining allegations are denied.**

22.    On August 31, 2023, BCBS denied coverage for procedure codes 36620 and 00670, described as "arterial catheterization or cannulation for sampling, monitoring or transfusion and anesthesia for extensive spine and spinal cord procedures," again on grounds that the procedures were "Not Medically Necessary."

**ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on August 31, 2023. That letter is in writing and speaks for itself.  To the extent that any of the allegations of this paragraph conflict with the plain language of that letter, they are denied.**

23.     Also on August 31, 2023, BCBS denied coverage for procedure codes 95938, 95939, 95870, and 95941, described as "short latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sights, central motor evoked potential study, needle electromyography; Limited study of muscles and continuous interoperative neuropsychology monitoring, from outside the operating room," again on grounds that it was "Not Medically Necessary."

**ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on August 31, 2023. That letter is in writing and speaks for itself.  To the extent that any of the allegations of this paragraph conflict with the plain language of that letter, they are denied.**

24.     Also on August 31, 2023, BCBS denied coverage for procedure 00670, described as "anesthesia for extensive spine and spinal cord procedures," again on grounds that it was "Not Medically Necessary."

**ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on August 31, 2023. That letter is in writing and speaks for itself.  To the extent that any of the allegations of this paragraph conflict with the plain language of that letter, they are denied.**

25.     Also on August 31, 2023, BCBS denied coverage for procedure 72040, described as radiologic examination, spine, cervical" again on grounds that it was "Not Medically Necessary."

**ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on August 31, 2023. That letter is in writing and speaks for itself.  To the extent that any of the allegations of this paragraph conflict with the plain language of that letter, they are denied.**

26.     A letter along with clinical notes was generated by Mayo and sent to BCBS on September 20 as an effort to appeal the denial. BCBS rejected the letter and notes due to John not filling out and signing the official appeal form. John filled out the form and sent it to Mayo on October 18.

**ANSWER: BCBSMT admits that letters were sent to it by Mayo Clinic and by Plaintiff Johnny Rutherford. Those letters are in writing and speaks for themselves. To the**

1  **extent that any of the allegations of this paragraph conflict with the plain language of those**
2  **letter, they are denied.**

3      27.    By letter dated November 6, 2023, BCBS denied coverage for procedure code
4  77091, described as "trabecular bone score (TBS), structural condition of the bone
5  microarchitecture, technical calculation only," on grounds that the procedure was "experimental,
6  investigational, and/or unproven."

7      **ANSWER: BCBSMT admits that it sent a letter to Plaintiff Johnny Rutherford on**
8  **November 6, 2023. That letter is in writing and speaks for itself.  To the extent that any of**
9  **the allegations of this paragraph conflict with the plain language of that letter, they are**
10  **denied.**

11      28.    On November 14, 2023, John called and was told that there had been no update.
12  John has received nothing from BCBS regarding the status of the denied and appealed claims.

13      **ANSWER: BCBSMT denies that Plaintiff Johnny Rutherford received no**
14  **information regarding the status of the appealed claims. BCBSMT admits that on January**
15  **5, 2024 it sent a letter to Mayo Clinic, copying Plaintiff Johnny Rutherford, overturning the**
16  **denial of claims related to procedure codes 22551, 22552, 22845, and 22853 and upholding**
17  **the denial of claims related to procedure code 77092. BCBSMT lacks knowledge or**
18  **information sufficient to form a belief about the truth of the remaining allegations contained**
19  **in this paragraph. To the extent a further response is required, the remaining allegations are**
20  **denied.**

21      29.    The medical procedures performed by Dr. Sebastian and Mayo the medical
22  procedures performed for Mr. Rutherford were medically necessary and were not "experimental,
23  investigational, and/or unproven."

24      **ANSWER: BCBSMT admits that on January 5, 2024, pursuant to the appeal process**
25  **as set forth in the Plan, BCBSMT determined that certain procedures performed by Dr.**
26  **Sebastian and Mayo were medically necessary and BCBSMT paid claims related to those**
27  **procedures. BCBSMT denies the remaining allegations in this paragraph.**

30.    BCBS took over the execution of the contract between the state of Montana and Mr. Rutherford. As a result, BCBS became a party to the contract and owed duties under the contract to Rutherford.

**ANSWER: BCBSMT denies that it took over the execution of the contract between the State of Montana and Plaintiff Johnny Rutherford. Further, BCBSMT denies that a contract exists between itself and the State of Montana related to Plaintiff Johnny Rutherford. The remaining allegations of this paragraph are legal conclusions to which no responses is required. To the extent a further response is required, these allegations are denied.**

31.    A special relationship existed between Mr. Rutherford and Defendants, as exists in all first party consumer insurance contracts, due to the parties inherently unequal bargaining positions, the vulnerability of the policyholder, and other factors.

**ANSWER: BCBSMT denies that it entered into an insurance contract with Plaintiff Johnny Rutherford. The remaining allegations of this paragraph are legal conclusions to which no responses is required. To the extent a response is required, denied.**

32.    The stress of facing the large Mayo medical bill without coverage has been maddening for John and resulted also in Mary suffering a loss of consortium.

**ANSWER: BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. To the extent a response is required, denied.**

33.    At all material times, BCBS acted as the authorized agent of Defendant State of Montana.

**ANSWER: BCBSMT denies that it acted as the authorized agent of the State of Montana. Further, BCBSMT denies that a contract exists between itself and the State of Montana related to Plaintiff Johnny Rutherford. The remaining allegations of this paragraph are legal conclusions to which no responses is required. To the extent a response is required, denied.**

34.    On information and belief, BCBS benefits, directly or indirectly, from making decisions that result in fewer paid claims and/or better financial performance by the Montana State health plan.

**ANSWER: Denied.**

35.    The decisions described herein were made with conscious or intentional disregard of and with indifference to the high probability of injury to the Plaintiffs.

**ANSWER: Denied**

<u>**COUNT I**</u>

<u>**NEGLIGENCE**</u>

36.    Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth.

**ANSWER:   BCBSMT incorporates its responses to the above allegations.**

37.     Defendants undertook to handle the health coverage claims of Mr. Rutherford and had a duty to exercise reasonable care in doing so. Defendants also had the duty under Montana law, applicable to anyone who handles insurance claims, to exercise reasonable care in doing so. That duty ran to Plaintiffs because it was foreseeable--indeed, certain--that the acts and omissions of Defendants in handling Mr. Rutherford's claims would directly and indirectly impact Plaintiffs.

**ANSWER:   The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.**

38.    Defendants failed to exercise reasonable care in their determination that the procedures performed by Dr. Sebastian and his team at Mayo were not medically necessary and/or experimental, investigational, and/or unproven.  Such decisions fell below the standard of care applicable to health plans and TPAs evaluating such claims and therefore were negligent.

**ANSWER:   The allegations contained in this paragraph are denied.**

39.    As the direct and legal result of the negligence of Defendants, Plaintiffs and each of them suffered significant damages including, without limitation, more than $100,000 in unpaid medical bills, damage to their credit and credit reputation, and emotional distress.

**ANSWER:   The allegations contained in this paragraph are denied.**

1

## COUNT II

2

## BREACH OF FIDUCIARY DUTY

3      40.    Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth.

4      **ANSWER:  BCBSMT incorporates its responses to the above allegations.**

5      41.    Defendants were in a fiduciary relationship with Mr. Rutherford because they

6   exercised considerable—virtually complete--discretion over the plan by deciding whether claims

7   for plan benefits would be paid, and their actions in the handling of Mr. Rutherford's claims

8   constitute breach of fiduciary duty under the common law of Montana. Moreover, BCBS possessed

9   fiduciary duties to Plaintiffs because it served, *de facto*, as the ultimate decisionmaker in a plan

10  regarding an award of benefits.

11     **ANSWER:  The allegations contained in this paragraph are denied.**

12     42.    As a direct and legal result of such Defendants' breach of fiduciary duty, Mr.

13  Rutherford suffered significant economic and non-economic injuries and damages, including

14  emotional distress, and Mary Rutherford has suffered a loss of consortium.

15     **ANSWER:  The allegations contained in this paragraph are denied.**

16

## COUNT III

17

## COMMON LAW BAD FAITH

18     43.    Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth.

19     **ANSWER:  BCBSMT incorporates its responses to the above allegations.**

20     44.    Defendants had a common law duty of good faith to Mr. and Mrs. Rutherford that

21  exists independent of contract and independent of statute. The duty attaches to every person and

22  entity that provides insurance services to the people of Montana. The duty required honesty and

23  fact and the observance of reasonable commercial standards by Defendants in their performance

24  of the insurance claim handling functions. By engaging in conduct described herein, Defendants

25  breached their common law duty of good faith.

26     **ANSWER:  The allegations contained in this paragraph are denied.**

27  //

45.     Although the Montana insurance code does not apply to the Montana University System Group Benefit Plans, per § 33-1-102, MCA, § 33-18-201, a model insurance code provision, represents one source of reasonable commercial standards for insurance claims handling. Defendants violated multiple standards set forth in the subsections of § 201 including the duty to accurately represent facts and insurance policy provisions relating to coverages (1), the duty to adopt and implement reasonable standards for the prompt investigation of claims (3), the duty to perform a reasonable investigation before denying claims (4), the duty to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear (6), the duty not to compel its insureds to institute litigation to recover amounts due under the insurance policy (7), the duty not to delay investigation or payment of claims by requiring the insured to submit formal forms (12), and the duty to provide a reasonable explanation of the basis for the denial of a claim.

**ANSWER:  The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.**

46.     As a direct and legal result of Defendants' breach of their common law duty of good faith, Mr. Rutherford suffered significant economic and non-economic injudries and damages, including severe emotional distress, and Mary Rutherford has suffered a loss of consortium.

**ANSWER:  The allegations contained in this paragraph are denied.**

## COUNT IV

## CONSUMER PROTECTION ACT

47.     Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth.

**ANSWER: BCBSMT incorporates its responses to the above allegations.**

48.      Plaintiffs are consumers, pursuant to § 30-14-102, MCA.

**ANSWER:  The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.**

49.     Defendants are persons within the meaning of § 30-14-102(6).

1    **ANSWER: The allegations of this paragraph are legal conclusions to which no**

2    **response is required. To the extent a response is required, the allegations are denied.**

3    50.    Defendants have violated § 30-14-103, MCA, by using unfair or deceptive acts or

4    practices in the conduct of their trade or commerce, which is unlawful.

5    **ANSWER: The allegations contained in this paragraph are denied.**

6    51.    Plaintiffs, due to Defendants' violation of § 30-14-103, MCA, are entitled to

7    recover all benefits from this plan for the above-mentioned procedures as well as with all other

8    economic and non-economic damages.

9    **ANSWER: The allegations contained in this paragraph are denied.**

10    52.    Pursuant to § 30-14-133, MCA, plaintiffs are entitled to treble damages and

11    attorney fees.

12    **ANSWER: The allegations contained in this paragraph are denied.**

13    <u>**COUNT V**</u>

14    <u>**BREACH OF CONTRACT**</u>

15    53.    Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth.

16    **ANSWER:  BCBSMT incorporates its responses to the above allegations.**

17    54.    The Montana University System Group Benefits Plan constitutes a contract

18    between Defendants and Plaintiff, Mr. Rutherford.

19    **ANSWER:  BCBSMT denies that it is party to a contract between it and Mr.**

20    **Rutherford.**

21    55.    By refusing to pay for the medical services provided by Dr. Sebastian and Mayo,

22    Defendants breached their contract with Mr. Rutherford. In particular, Defendants' position that

23    the procedures performed by Dr. Sebastian and Mayo were not medically necessary and/or

24    experimental, investigational, and/or unproven, were unfounded and the procedures were

25    otherwise within the scope of coverage of the planned contract.

26    **ANSWER: The allegations contained in this paragraph are denied.**

27

56.    Moreover, the plan contract specifically provided that denial of the claim on the basis that it was "not medically necessary" could only be raised if the insured did not submit the claim for pre-authorization and, in this case, Mr. Rutherford, through Mayo, did submit the claim for pre-authorization and was told by BCBS's automated system that they procedure did not require pre-authorization.

**ANSWER: BCBSMT denies that it is a party to any contract with Plaintiffs. BCBSMT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph. To the extent a further response is required, the remaining allegations are denied.**

57.    As a direct and legal result of Defendants' breach of contract Plaintiffs have suffered and will continue to suffer a loss of the benefits promised to them under the health plan contract.

**ANSWER:  The allegations contained in this paragraph are denied.**

<u>**COUNT VI**</u>

**<u>BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>**

58.    Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth.

**ANSWER:  BCBSMT incorporates its responses to the above allegations.**

59.    The Montana University System Group Benefits Plan, like all contracts contained an implied covenant or to (sic) good faith and fair dealing that required honesty in fact and the observance of reasonable commercial standards.

**ANSWER:  The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.**

60.    By engaging in conduct described herein, Defendants breached the implied covenant or of (sic) good faith and fair dealing.

**ANSWER:  The allegations contained in this paragraph are denied.**

61.    As a direct and legal result of the Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs suffered special and general damages as described herein.

1    **ANSWER:  The allegations contained in this paragraph are denied.**

2    ## COUNT VII

3    ## AGENT LIABILITY OF BCBS

4    62.    Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth.

5    **ANSWER:  BCBSMT incorporates its responses to the above allegations.**

6    63.    BCBS, as an agent of the state of Montana, committed wrongful acts which caused

7    damage to plaintiffs and, pursuant to § 28-10-702(3), MCA, BCBS is liable for all such damages.

8    **ANSWER:  The allegations contained in this paragraph are denied.**

9    ## PRAYER FOR RELIEF

10    WHEREFORE, Plaintiffs John and Mary Rutherford respectfully request the following

11    relief against defendants:

12    a. Payment of all Mr. Rutherford's medical expenses as billed by his providers and covered

13    by the plan;

14    b. Consequential economic damages;

15    c. Non-economic damages, including for emotional distress and lost enjoyment of life;

16    d. Loss of Consortium for Mary Rutherford;

17    e. Treble damages;

18    f. Attorney fees;

19    g. Prejudgment interest and post judgment interest in the amounts permitted by law;

20    h. Costs of suit and such other and further relief as this court may deem just and proper.

21    **ANSWER: BCBSMT denies that Plaintiffs are entitled to any of the relief they**

22    **request or any other relief.**

23    ## BCBSMT'S PREFATORY STATEMENT

24    1.    Health Care Service Corporation is an Illinois mutual legal reserve company

25    operating in Montana as Blue Cross and Blue Shield of Montana ("BCBSMT").

26    2.    Plaintiffs Johnny Rutherford and Mary Rutherford are citizens of the State of

27    Montana.

3.     The Montana University System Benefits Plan (the "Plan") is a self-funded, employer-sponsored large group plan offered to employees of the Montana University System.

4.     In accordance with the Plan's governing documents, BCBSMT was chosen to be a third-party administrator of the Plan and provides various services to the Plan including claims management, medical management, and claim payments. As a third-party administrator, BCBSMT is not financially responsible for paying the claims; rather, the Plan is financially responsible to pay benefits due to its members.

5.     Plaintiff Johnny Rutherford is an employee of the Montana University System, and as such, he is a participant and/or beneficiary of the Plan.

6.     In order for medical services to be covered under the terms of the Plan, they must be "medically necessary." Medical services that are experimental and/or investigational generally do not qualify as "medically necessary" under the Plan.

7.     Specifically, the Plan defines "medically necessary," in relevant part, as:

> Treatment, tests, services, or supplies provided by a Hospital, Physician, or other Licensed Health Care Provider which are not excluded under the Plan, and which must meet the following criteria:
>
> a.  For treatment or diagnosis of an Illness or Injury.
> b.  Ordered by a Physician or Licensed Health Care Provider and are consistent with the symptoms or diagnosis and treatment of the Illness or Injury.
> c.  Not primarily for the convenience of the Plan Participant, Physician, or other Licensed Health Care Provider.
> d.  Uses the standard or level of services most appropriate for good medical practice that can be safely provided to the Plan Participant.
> e.  Not of an Experimental/Investigational or solely educational nature.
> f.  In accordance with the Plan's Medical Policy.
>
> ***
>
> The fact that services were recommended or performed by a Physician or other Licensed Heath Care Provider does not automatically make the services Medically Necessary…

//

8.    The Plan defines "Medical Policy" as:

A policy adopted by the Plan which is created and updated by Physicians and other medical Providers and is used to determine whether health care services … meet the following nationally accepted criteria:

a.  Final approval from the appropriate governmental regulatory agencies.
b.  Scientific studies showing conclusive evidence of improved net health outcomes; and
c.  In accordance with established standards of good medical practice.

9.    On June 27, 2023, Plaintiff Johnny Rutherford underwent spinal surgery at the Mayo Clinic in Rochester, Minnesota.

10.    Following the surgery, medical claims related to the surgery were submitted to BCBSMT for processing.

11.    In July 2023, BCBSMT denied the following claims: 0202318455H46850H, 02023189553P1850H, 02023188551H6690H, 02023188551H6680H, 0202318255C99050H, 0202318255D00020H, 02023187558A0330H (each of the foregoing claims relates to procedure codes 22551, 22552, 22845, and 22853), and 02023180554721G0H (related to procedure code 77092).

12.    BCBSMT denied Plaintiff Johnny Rutherford's claims because BCBSMT determined that the services provided were not medically necessary.

13.    According to the terms of Plaintiffs' Plan, Plaintiff Johnny Rutherford was required to appeal any adverse benefit decisions within 180 days of the date on which the determination was received.

14.    On or about September 29, 2023, the Mayo Clinic submitted an appeal to BCBSMT regarding the denied claims.

15.    On or about October 3 and 6, 2023, BCBSMT sent letters to Plaintiff Johnny Rutherford stating that the appeal received from the Mayo Clinic was not valid unless BCBSMT received a written authorization or appeal request directly from Plaintiff Johnny Rutherford.

//

16.    On or about November 27, 2023, Plaintiff Johnny Rutherford submitted an updated and valid appeal with proper authorization.

17.    Under the terms of the Plan, BCBSMT has 60 days from the date the valid appeal is received to determine whether to uphold the adverse benefit determination.

18.    On January 5, 2024, BCBSMT overturned denials and approved the following claims for payment: 0202318455H46850H, 02023189553P1850H, 02023188551H6690H, 02023188551H6680H, 0202318255C99050H, 0202318255D00020H, and 02023187558A0330H (collectively, the "Paid Claims").

19.    BCBSMT also upheld the denial of claim 02023180554721G0H for $38.00 in charges.

20.    BCBSMT sent Plaintiff Johnny Rutherford a revised Explanation of Benefits for claim 0202318255D00020H on January 5, 2023 stating that the amount billed was $39,188.00, and after application of benefits and discounts, Plaintiff Johnny Rutherford was responsible for $0 in charges.

21.    BCBSMT sent Plaintiff Johnny Rutherford a revised Explanation of Benefits for claim 0202318455H46850H on January 5, 2023, stating that the amount billed was $9,133.75, and after application of benefits and discounts, Plaintiff Johnny Rutherford was responsible for $190.13 in charges.

22.    BCBSMT sent Plaintiff Johnny Rutherford a revised Explanation of Benefits for claim 0202318255C99050H on January 8, 2023, stating that the amount billed was $8,287.00, and after application of benefits and discounts, Plaintiff Johnny Rutherford was responsible for $0 in charges.

23.    BCBSMT sent Plaintiff Johnny Rutherford a revised Explanation of Benefits for claim 02023187558A0330H on January 8, 2023, stating that the amount billed was $52.00, and after application of benefits and discounts, Plaintiff Johnny Rutherford was responsible for $0 in charges.

//

24.     BCBSMT sent Plaintiff Johnny Rutherford a revised Explanation of Benefits for 02023188551H6690H on January 8, 2023, stating that the amount billed was $2,247.50, and after application of benefits and discounts, Plaintiff Johnny Rutherford was responsible for $0 in charges.

25.     BCBSMT sent Plaintiff Johnny Rutherford a revised Explanation of Benefits for claim 02023189553P1850H on January 11, 2023, stating that the amount billed was $66,396.35, and after application of benefits and discounts, Plaintiff Johnny Rutherford was responsible for $0 in charges.

26.     Plaintiffs owe no more than $228.13 on outstanding medical claims related to Plaintiff Johnny Rutherford's spinal surgery.

27.     Plaintiffs filed this lawsuit before the time had run for BCBSMT to decide the issues raised in the appeal based on the appeal timeline and procedures set forth in the Plan.

28.     After receiving written notice on January 5, 8 and 11, 2023 that the majority of the claims related to Plaintiff Johnny Rutherford's spinal surgery were paid, Plaintiffs proceeded to file an Amended Complaint on February 9, 2023.

29.     In their Amended Complaint, Plaintiffs did not update a single allegation related to the payment of outstanding medical claims and failed to apprise the court of the fact that after the Original Complaint was filed, several claims were reprocessed pursuant to an appeal filed on behalf of Plaintiff Johnny Rutherford, and ultimately paid.

30.     Presently, only $228.13 remains outstanding and $125,114.47 was paid prior to the filing of the Amended Complaint.

## AFFIRMATIVE DEFENSES

By listing a defense herein, BCBSMT is not representing that the defense is an affirmative defense or that BCBSMT bears the burden of proof. As separate and distinct defenses to Plaintiffs' claims for relief, and each of them in the Amended Complaint, BCBSMT alleges as follows:

1.     The Amended Complaint is barred in whole or in part because on January 5, 2024, in the ordinary course during the Plan's appeal period and pursuant to the terms of the Plan,

BCBSMT determined that services associated with the procedure codes listed in Paragraphs 14, 15, and 17, above, were covered under the terms of the Plan and payment was made to Mayo Clinic.

2.    Plaintiffs' claims were administered in accordance with the documents and instruments governing the Plan and in the interests of all participants and beneficiaries of the Plan.

3.    Plaintiffs' claims are barred because BCBSMT's claim determinations were made in good faith, reasonable and in accordance with the terms of the Plan. That is, BCBSMT had a reasonable basis in law and/or in fact on which it based its claims determinations.

4.    Plaintiffs' claims are barred because BCBSMT does not have a contract with Plaintiffs, and as such, BCBSMT owes no duties – contractual or otherwise – to Plaintiffs.

5.    Plaintiffs' claims are barred because BCBSMT has fully performed its contractual duties to the Plan, and Plaintiffs are estopped from asserting any cause of action against BCBSMT.

6.    Plaintiffs' claims are barred because Plaintiffs failed to exhaust available administrative remedies and/or failed to furnish sufficient information to the Plan or its BCBSMT to establish entitlement to benefits under the written terms of the Plan.

7.    Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs failed to mitigate their alleged damages.

8.    Plaintiffs' claims are barred to the extent they were paid for by secondary insurance.

9.    Plaintiffs' claims are barred in whole or in part because any alleged injury was caused by a third party or third parties and not BCBSMT.

10.    Plaintiffs' claims are barred in whole or in part by virtue of BCBSMT's role as a third-party administrator of the Plan. In that role, BCBSMT's involvement in Plaintiffs' claims was limited to reviewing and determining whether Plaintiffs' claims were covered under the terms of the Plan.

11.    BCBSMT asserts and alleges that any alleged damages suffered by Plaintiffs were not proximately or legally caused by any action or omission on the part of BCBSMT.

12.  Plaintiffs' claims and alleged damages, if any, are barred in whole or in part by the doctrines of set-off and/or recoupment.

13.  Punitive damages are limited by statute and applicable common law. Punitive damages are not a viable remedy based on the facts and claims presented in this case. Further, punitive damages are inappropriate as there is no evidence of fraudulent, reckless or malicious conduct, or that BCBSMT demonstrated conscious or intentional disregard of or acted with indifference to the high probability of injury to the Plaintiffs.

14.  BCBSMT reserves the right to subsequently assert and add affirmative defenses as they become known, including but not limited to conditions and/or exclusions and contractual defenses.

DATED this 25th day of June, 2024.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _____
    Daniel J. Auerbach
    Christy S. McCann

*Attorneys for Health Care Service Corporation*

# CERTIFICATE OF SERVICE

I, Daniel J. Auerbach, hereby certify that I have served true and accurate copies of the foregoing Answer/Brief - Answer to the following on 06-25-2024:


Mary Christina Surr McCann (Attorney)
201 W. Railroad St., Suite 300
Missoula MT 59802
Representing: Montana University System, Health Care Service Corporation
Service Method: eService

John Martin Morrison (Attorney)
401 North Last Chance Gulch
P.O. Box 557
Helena MT 59624-0557
Representing: Mary Rutherford, Johnny C. Rutherford Jr.
Service Method: eService




Electronically Signed By: Daniel J. Auerbach
Dated: 06-25-2024