FILED
09/18/2024
Angie Sparks
CLERK
Lewis & Clark County District Court
STATE OF MONTANA
By: Helen Coleman
DV-25-2023-0000789-NE
Menahan, Mike
39.00

MONTANA FIRST JUDICIAL DISTRICT COURT
LEWIS AND CLARK COUNTY

| | |
|---|---|
| JOHNNY C. RUTHERFORD, JR. and MARY RUTHERFORD,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company, d/b/a Blue Cross and Blue Shield of Montana, and the STATE OF MONTANA,<br><br>Defendants. | Cause No. ADV-2023-789<br><br>ORDER ON MOTION FOR PROTECTIVE ORDER |

Before the Court is Defendant Health Care Service Corporation, a Mutual Legal Reserve Company in Montana through its unincorporated division, Blue Cross Blue Shield of Montana's (BCBS) motion for a protective order. John Morrison represents Plaintiffs Johnny C. Rutherford, Jr. and Mary Rutherford. Daniel J. Auerbach, Christy S. McCann, and Martin J. Bishop represent Defendants BCBS and the Montana University System (MUS).

/////

**STATEMENT OF FACTS**

On July 22, 2024, BCBS filed a motion for a protective order requesting the Court stay the noticed depositions of BCBS's Rule 30(b)(6) deponents. Plaintiffs originally noticed the deposition for July 24, 2024. BCBS represents the parties have now resolved the dispute and agreed on new dates. Thus, it is unnecessary for the Court to issue an order regarding the requested protective order.

However, in their response brief, Plaintiffs seek an order for sanctions on the grounds BCBS failed to appear for the July 24, 2024 deposition. Plaintiffs argue they properly noticed the Rule 30(b)(6) depositions and nothing relieved BCBS of its duty to appear. Under Montana Rule of Civil Procedure 37(d)(1)(A)(i), "[t]he court where the action is pending may, on motion, order sanctions if… a person designated under Rule 30(b)(6)…fails, after being served with proper notice, to appear for that person's deposition."

**PRINCIPLES OF LAW**

In deciding whether to award sanctions, the Court considers the context of the alleged sanctionable action. While failure to appear for a properly noticed deposition is a sanctionable action, "an immediate sanction imposed under Rule 37(d) generally contemplates a complete failure or outright refusal to cooperate." *Jerome v. Pardis* (1989), 240 Mont. 187, 191, 783 P.2d 919, 922. Here, BCBS did not outright refuse to cooperate.

**ANALYSIS**

Plaintiffs originally noticed the July 24, 2024 Rule 30(b)(6) depositions on July 5, 2024. On July 10, 2024, counsel for BCBS acknowledged receipt of the notice but stated BCBS would not have a witness prepared to

Order on Motion for Protective Order - page 2
ADV-2023-789

testify on the proposed topics by the noticed date. BCBS suggested Plaintiffs depose other witnesses on July 24, 2024, but reschedule the noticed Rule 30(b)(6) depositions. Plaintiffs' counsel agreed to reschedule if the parties could agree upon a new date in early August. BCBS then requested Plaintiffs withdraw the notice and counsel would provide new suggested dates after hearing from their client. Plaintiffs' counsel declined to withdraw the notice until the parties agreed to a new date in early August.

The Montana Supreme Court has held "sanctions for abuse of discovery procedures are imposed in order to deter unresponsive parties in an action; it is the attitude of unresponsiveness to the judicial process, regardless of the intent behind that attitude, which warrants sanctions." *McKenzie v. Scheeler* (1997), 285 Mont. 500, 508, 949 P.2d 1168, 1172. BCBS was not unresponsive to the judicial process. BCBS did not refuse to produce witnesses for Plaintiffs' Rule 30(b)(6) depositions. It did not wait until the last minute to inform Plaintiffs it would not be able to prepare witnesses by the date noticed. It requested the parties reschedule to give BCBS more time to prepare corporate witnesses.

While the Court is sympathetic to Plaintiffs' desire to complete depositions without delay, there is little to be gained by insisting BCBS produce corporate witnesses on a specific date if the witnesses are unprepared to respond to Plaintiffs' questions. The Court has no reason to conclude BCBS was insincere in its request for more time to prepare. Therefore, the Court declines to award sanctions for BCBS's failure to appear at the July 24, 2024 Rule 30(b)(6)

/////

/////

Order on Motion for Protective Order - page 3
ADV-2023-789

depositions because BCBS was not unresponsive to the judicial process and attending the deposition as noticed would likely have been unproductive for both parties.

## ORDER

**IT IS HEREBY ORDERED** BCBS's motion for a protective order is **DENIED.**

**IT IS FURTHER ORDERED** Plaintiffs request for sanctions is **DENIED.**

/s/   Mike Menahan
MIKE MENAHAN
District Court Judge

c:   John Morrison, via email
Daniel J. Auerbach, via email
Christy S. McCann, via email

MM/sm/ADV-2023-789

Order on Motion for Protective Order - page 4
ADV-2023-789

Electronically Signed By:
Hon. Judge Mike Menahan
Wed, Sep 18 2024 02:02:26 PM