Daniel J. Auerbach
Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
201 West Railroad Street, Suite 300
Missoula, MT 59802
(406) 728-1694 /
daniel@bkbh.com
christy@bkbh.com

Martin J. Bishop
CROWELL & MORING LLP
455 N. Cityfront Plaza #3600
Chicago, IL 60606
(312) 321-4200
Mbishop@crowell.com

Tracy A. Roman (*pro hac vice pending*)
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington DC, 20004
(202) 624-2500
Troman@crowell.com

*Attorneys for Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Montana*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| JOHNNY C. RUTHERFORD, JR., <br><br> Plaintiff, <br><br> v. <br><br> HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company, doing business in | 6:24-cv-00081 |

| | |
|---|---|
| Montana as Blue Cross and Blue Shield of Montana, and MONTANA UNIVERSITY SYSTEM,<br><br>　　　　　　Defendants. | **DEFENDANT BLUE CROSS AND BLUE SHIELD OF MONTANA'S MEMORANDUM IN SUPPORT OF MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d), OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company doing business in Montana as Blue Cross and Blue Shield of Montana ("BCBSMT"), hereby moves to stay briefing on Plaintiff Johnny Rutherford's Motion for Partial Summary Judgment ("MPSJ") (Doc. 107) until discovery has closed and class issues are settled. In the alternative, BCBSMT requests that the Court deny the MPSJ without prejudice under Federal Rule of Civil Procedure 56(d) to allow BCBSMT to engage in additional fact discovery to enable it to oppose the MPSJ, or in the alternative, for an extension of 60 days for BCBSMT to file its response to the MPSJ. As explained below, Plaintiff's motion, which seeks summary judgment on some of the key issues in this case, both on his individual claims and the claims of the Rule 23(b)(1) class, is premature for a number of reasons, including

that the parties have not yet completed fact discovery and class certification issues remain unsettled. Under the Court's scheduling order, discovery does not close until January 26, 2026, and dispositive motions are not due until March 2, 2026. *See* Doc. 82.

I.  **INTRODUCTION**

Plaintiff Johnny Rutherford obtained health insurance under the Montana University System Group Benefits Plan, a self-funded health insurance plan administered by BCBSMT. Def.'s Proposed Stipulated Facts ¶¶ 1, 3 (Doc. 74). On June 27, 2023, Rutherford underwent spinal surgery at the Mayo Clinic in Minnesota. *Id.* ¶ 5. When the Mayo Clinic sought payment from BCBSMT for Rutherford's surgery, it failed to include a copy of Rutherford's MRI results, which, under the operative BCBSMT medical policy, was necessary for approval of a claim for spinal surgery. Exhibit A, at 1. On August 22, 2023, BCBSMT informed Rutherford that his claim was denied because his provider had failed to provide evidence of his condition "as documented by MRI." Exhibit B ("the claim letter"). The next month the Mayo Clinic appealed the denial. Exhibit C. However, before the appeal could be adjudicated, Rutherford filed this lawsuit, alleging, as relevant here, that BCBSMT's investigation of his claim violated Mont. Code Ann. § 33-28-201(4).

In January 2024, after receiving additional documentation of Rutherford's MRI from the Mayo Clinic, BCBSMT reversed the denial of Rutherford's claim and paid the Mayo Clinic. Pls.' Statement of Undisputed Facts, Doc. 108 ¶ 8. Rutherford never received a bill for his surgery.

Plaintiff Rutherford now moves for partial summary judgment on the question of whether BCBSMT's claims review procedures violate Montana law. His motion prematurely seeks summary judgment on the core issue in this case even though there are over five months left before discovery closes, liability expert disclosures are not due for three more months, and the deadline for dispositive motions is almost seven months away. Moreover, Rutherford's MPSJ, which seeks judgment in favor of a class, ignores that both parties have moved for reconsideration of the Court's class certification order, BCBSMT has sought to appeal the class certification order in the Ninth Circuit, and it is far from clear whether, and what type of, a class will ultimately remain certified or whether the issue of liability on which he seeks summary judgment can even be determined on a class-wide basis.

The Court should stay briefing on Rutherford's premature MPSJ until fact discovery has concluded and class issues are settled. This is the *only* way to ensure that BCBSMT can obtain the evidence it needs to oppose the MPSJ, which, again, seeks judgment on the fundamental issue of BCBSMT's liability. Alternatively, the Court should deny the MPSJ without prejudice under Federal Rule of Civil

Procedure 56(d) to allow BCBSMT time to gather additional key facts necessary to oppose Rutherford's MPSJ. Specifically, BCBSMT needs time to secure an expert to opine on the reasonableness of BCBS's claims investigation process, and to depose former employee Yvonne Hencley, who has submitted a declaration in this case. At the very least, the Court should grant BCBSMT an additional sixty (60) days to respond to Rutherford's MPSJ to allow BCBSMT to gather evidence to refute Rutherford's misleading and false assertions in his Statement of Undisputed Facts.

**II.  This Court should stay briefing on Rutherford's MPSJ until after discovery has closed and class certification issues are settled.**

**A. The Court should stay briefing on Rutherford's MPSJ until after the close of discovery.**

The Court should stay all briefing on Rutherford's MPSJ because, under the Court's scheduling order (Doc. 82), discovery remains ongoing and is not set to close for five more months. Moreover, the deadline for dispositive motions is not until March 2026. There is a reason courts routinely set the deadline for dispositive motions until after the close of discovery. As the Supreme Court has recognized, "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986); *see also Strizich v. Guyer*, No. CV 20-40-H-BMM-JTJ, 2021 WL 2349984, at *4 (D. Mont. June 9, 2021)

("[R]esolving a motion for summary judgment is disfavored where relevant evidence remains to be discovered.").

There are multiple disputed issues of fact, including on the central issues in this case regarding the reasonableness of BCBSMT's investigation of Rutherford's claim. BCBSMT has understandably been operating on the belief that it had until January 2026 to, among other things, secure an expert to opine on the reasonableness of its investigation, including standard industry practices relating to obtaining documentation from providers. Additionally, as set forth more fully below, Rutherford bases his MPSJ on selected and incomplete excerpts of testimony. Indeed, BCBSMT has not yet deposed Rutherford or anyone from the Mayo Clinic.

Because additional discovery is likely to reveal information that will aid a trier of fact on the key issues in this case, the Court should stay briefing on Rutherford's MPSJ until after the close of discovery. An early disposition of the central legal issue on which Rutherford seeks summary judgment will not aid in the efficient administration of justice. Such disposition would be based on incomplete, inaccurate, and strongly disputed facts. And unlike class certification, there is no defined process for a district court to undo a premature summary judgment ruling after further discovery sheds additional light on the issues. For these reasons, courts routinely grant requests to hold premature summary judgment motions in abeyance until all relevant factual development has been completed. *See, e.g., Liqua-Dry, Inc.*

*v. Tamarack Biotics LLC*, 2017 WL 5186367, at * 2 (D. Utah Nov. 8, 2017) (granting defendant's motion to refrain from ruling on summary judgment until after the close of discovery, and stating that "there is no delay because [defendant] asks not for extra time but only that already granted for discovery in this case"); *Kerr v. Borough of Petersburgh*, 2024 WL 3949487, at *1 (D. Alaska Aug. 27, 2024) (finding "good cause" to extend the time for response to a motion for partial summary judgment until after the close of discovery). This Court should do the same.

### B. The Court should also stay briefing on Rutherford's MPSJ because class certification issues, which are central to BCBSMT's defense, remain unsettled.

Rutherford's motion is premature for another fundamental reason—it remains unclear whether this case ultimately will proceed as a class action. The Court originally certified a class under Rule 23(b)(1) and (b)(2) on June 11, 2025. Doc. 96. Both parties subsequently moved for reconsideration of the class certification order. *See* Doc. Nos. 101, 109, 110, and BCBSMT petitioned in the Ninth Circuit for relief under Federal Rule of Civil Procedure 23(f), *see* Doc. Nos. 103, 104. The Court later vacated its order certifying the (b)(2) class, *see* Doc. No. 105, at 7, 9.

Whether this action proceeds on a class-wide basis is pivotal to BCBSMT's defense. The question of what constitutes a "reasonable investigation based on all available information" under Mont. Code Ann. § 33-18-201(4)—the central legal issue on which Rutherford seeks partial summary judgment and one of the central

issues in the case—is highly fact-intensive and differs from person to person and from claim to claim. *See Lawson v. Federated Rural Elec. Ins. Exch.*, No. CV-23-61-GF-JTJ, 2024 WL 4433827, at *2 (D. Mont. Oct. 7, 2024) ("Whether [insurer]'s investigation of [plaintiff]'s claims was a reasonable investigation based upon all available information is a question of fact."). BCBSMT has provided considerable argument and legal authority in support of its position that this question cannot be determined on a class-wide basis. *See, e.g.,* Doc. No. 103 at 105-108; *Byorth v. USAA Cas. Ins. Co.*, 333 F.R.D. 519, 531 (D. Mont. 2019) (denying class certification under F.R.C.P. 23(b)(3) because "each [class] member's claim file would be subject to an individualized review, and 'mini trials' would be required to determine the reasonableness of [insurer's] investigation as to each claim.").

Because Rutherford's MPSJ seeks partial summary judgment on behalf of a class, and because BCBSMT maintains that the reasonableness of its investigation may differ from person to person and claim to claim, the Court should stay briefing on the MPSJ until class certification issues are resolved.

### III. In the alternative, the Court should grant relief under Federal Rule of Civil Procedure 56(d) to allow BCBSMT to take further discovery and to obtain declarations necessary to oppose Rutherford's MPSJ.

Alternatively, the Court should deny Rutherford's MPSJ without prejudice under Rule 56(d) because BCBSMT has not had the opportunity to develop the record on two critical issues in this case: (1) whether, under prevailing industry

standards, BCBSMT's investigation of Rutherford's claim was "reasonable" based on "all available evidence," and (2) whether former BCBSMT employee Yvonne Hencley's testimony, on which Plaintiff heavily relies, is credible.

Under Rule 56(d), if a party opposing summary judgment can demonstrate by affidavit or declaration that "it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Rule "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)); *see also Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001) ("Rule 56[d] . . . protects parties from a premature grant of summary judgment."). To obtain relief under Rule 56(d), a party must establish that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Rule 56(d) motions "should be granted almost as a matter of course unless the [party opposing summary judgment] has not diligently pursued [] discovery[.]"

*Mont. Trucks LLC v. UD Trucks N. Am. Inc.*, No. CV 12-23-M-DWM, 2013 WL 12188384, at *2 (D. Mont. Apr. 19, 2013) (internal quotation omitted)). BCBSMT has pursued discovery diligently, and in accordance with the schedule set by the Court and agreed to by the parties. To date, BCBSMT has served 22 document requests; 14 interrogatories, and 12 requests for admission. The Court has set a schedule under which the parties do not disclose their liability experts until November 7, 2025, discovery does not close until January 26, 2026, and dispositive motions are not due until March 2, 2026. *See* Doc. No. 82. In such circumstances, courts have routinely granted the non-moving party relief under Rule 56(d). *See, e.g., Burlington Northern Santa Fe*, 323 F.3d at 774 (holding that district court abused its discretion in denying defendants' Rule 56(d) motion because the plaintiff's summary judgment motion was filed early in the litigation and defendants did not have a reasonable opportunity to uncover facts before their opposition to the motion was due); *Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 1494062, at *4 (W.D. Wash. Apr. 16, 2014) (striking motion for partial summary judgment where the defendant "filed his motion for summary judgment very early in th[e] case."); *Johnson v. Holland America Line*, 2011 WL 2976886, at *4 (W.D. Wash. July 21, 2011) (same). This Court should do the same.

*First*, BCBSMT requires additional time to secure evidence essential to oppose Plaintiff's principal argument that there is no question of material fact that

BCBSMT violated Mont. Code Ann. § 33-18-201(4) by allegedly denying Rutherford's claim "without conducting a reasonable investigation based upon all available information." BCBSMT intends to show, through expert testimony, that BCBSMT's investigation was reasonable and in accordance with industry practice. *See* Declaration of Robert C. Deegan ¶ 4, Aug 13, 2025. But under the current schedule, the parties are not even required to disclose their respective liability experts until November 7, 2025, discovery (including expert depositions) will not close until January 26, 2026, and dispositive motions are not due until March 2, 2026.

Expert testimony on this issue is common and highly relevant. *See Fryer v. UMIA*, No. CV-22-14-BLG-SPW, 2025 WL 999999, at *2 (D. Mont. Apr. 3, 2025) ("Based on the . . . principles and admissibility standards underlying Montana UTPA claims, . . . expert testimony . . . can be relevant and admissible if it sheds light on the insurer's conduct and the reasonableness of its investigation and decision-making process while adjusting the claims."); *see also Peterson v. St. Paul Fire and Marine Ins. Co.*, 357 Mont. 293 (Mont. 2010) (permissible on UTPA claim for industry expert to testify on "industry standards for handling claims and his opinion on whether [defendant] violated any of those standards").

These circumstances are materially identical to those in *King v. Health Care Services Corp.*, No. CV-24-32-GF-BMM, 2025 WL 1654906 (D. Mont. June 11,

2025). In that case, the plaintiff had "filed a motion for partial summary judgment on the basis that [BCBSMT] had breached [the plaintiff's] insurance contract as a matter of law by denying coverage for" plaintiff's surgery. *Id.* at *1. BCBSMT "move[d] the Court for denial of summary judgment under Rule 56(d) until BCBSMT [could] engage in discovery to develop sufficient facts to oppose [plaintiff's] motion." *Id* at *3. This Court held that the "key question" in the case— whether the surgery at issue was "experimental" and thus excluded from coverage— "require[d] expert testimony" and denied the summary-judgment motion so the parties could engage in expert testimony. *Id.* at *4. The Court should do the same here.

*Second*, BCBSMT requires additional time to depose Yvonne Hencley, a former BCBSMT employee. Plaintiff relies on a declaration executed by Ms. Hencley in connection with their claims regarding BCBSMT's processes for reviewing and appealing claims. *See* MPSJ at 4, 14. BCBSMT intends to depose Hencley regarding her declaration, and intends to show, among other things, that her testimony is inaccurate and she lacks personal knowledge of the contents therein. *See* Deegan Decl. at ¶ 4. BCBSMT intended to schedule this deposition prior to the end of discovery and has requested possible dates from Plaintiff's counsel, but was unaware that Plaintiff would file this motion well in advance of that deadline. *See Casto v. Newsom*, No. 2:19-cv-02209-KJM-JDP, 2023 WL 3483787, at *1 (E.D.

Cal. May 16, 2023) (Rule 56(d) "forestalls a court's ruling on a motion for summary judgment in a case in which discovery is still open and the nonmoving party believes additional discovery can defeat that motion").

Accordingly, the Court should deny Rutherford's MPSJ without prejudice to allow BCBSMT time to engage in additional fact discovery on the issues raised therein.

### IV. In the alternative, the Court should grant BCBSMT an extension of time to respond to Rutherford's MPSJ to obtain declarations necessary to oppose Rutherford's MPSJ.

If the Court declines to grant BCBSMT's motion under Rule 56(d), it should nevertheless extend the time for BCBSMT to respond to Rutherford's MPSJ by sixty (60) days, to and including October 14, 2025, to allow BCBSMT sufficient time to obtain declarations to refute Rutherford's Statement of Undisputed Facts. Because discovery is not set to close for over five months, BCBSMT has not yet secured testimony or declarations to counter these false or misleading statements.

The facts Rutherford claims are "undisputed" in his motion are anything but. Many of these "undisputed" facts rely on deposition testimony that is mischaracterized, incomplete, or taken entirely out of context at best. Others are blatantly false. For example:

- Rutherford's entire claim rests on the false allegation that BCBSMT maintained a policy of failing to request additional documentation from providers when a claim file was missing such documentation. *See* MPSJ, at 2. But BCBSMT maintained no such policy. As shown in

- Rutherford's own case, BCBSMT *did* affirmatively request additional documentation from the Mayo Clinic, where Rutherford's surgery was performed. For example, on July 6, 2023, BlueCross BlueShield of Minnesota (acting on behalf of BCBSMT through the BlueCard program), sent a letter to the Mayo Clinic requesting "[*p*]*atient history* and [*p*]*hysical* with current treatment plan that *includes* indication for services, *testing*, and/or procedures report for [Date of Service]." *See* Exhibit D, at 1 (emphasis added). Indeed, the declaration of Yvonne Hencley makes clear that under the BlueCard program, the BCBS entity for the state in which the care was provided regularly reaches out to the provider to obtain additional documentation when appropriate. *See* Hencley Decl. ¶¶ 4(c), 4(e), 4(h).

- Furthermore, BCBSMT affirmatively identified for Rutherford the information that was missing from his file. The claim denial letter that BCBSMT sent Rutherford specifically explained that his claim had been denied because his file was missing the MRI. It **stated that there was "no documentation to support radiographic evidence of cervical nerve root compression (as documented by MRI) . . . and debilitating pain persists despite non-surgical conservative therapy for at least 6 weeks . . . ."** *See* Exhibit B, at 1 (emphasis added). Rutherford thus had all the information he needed to know what additional documentation was necessary for BCBSMT to approve his claim. If such information existed, Rutherford needed only to ask his provider to send it.

- Even if Rutherford's claims denial letter had not identified the additional documentation necessary for BCBSMT to approve his claim (which it did), BCBSMT maintains a customer service call center. That number was included in Rutherford's claim denial letter, *see* Exhibit B, at 3. Had either Rutherford or his provider contacted this number, a BCBSMT representative would have communicated exactly what documentation was missing from his file.

- Rutherford entirely mischaracterizes BCBSMT's appeals process, which is an important component of BCBSMT's claims investigation. The Mayo Clinic appealed Rutherford's initial claim denial, but Rutherford filed this lawsuit before the appeal could be adjudicated. Had Rutherford continued with the appeals process, BCBSMT would have (again) informed the provider exactly what documentation was

missing from Rutherford's file and permitted the provider to supplement the file.

- Rutherford relies heavily on the declaration of Yvonne Hencley to describe BCBSMT's appeals process and the likelihood of successful appeal. *See* MPSJ 4, 14. But Ms. Hencley was not involved in the appeals process and was not in a position to know what percentage of appeals were granted or denied during the first or second round. It is unsurprising, then, that the appeal statistics Ms. Hencley states in her declaration have no basis in fact and BCBSMT categorically denies them and is working on identifying one or more counter-declarants to rebut the statements made in Hencley's declaration.

- Rutherford includes in his Statement of Undisputed Facts a lengthy excerpt from the deposition of Kelly Dunkirk, the BCBSMT Nurse Medical Reviewer who conducted the initial review of Rutherford's claim. Statement of Undisputed Facts ("SUF"), at 3-5 (Doc. 108). In the excerpt, Dunkirk testified that she did not "read[] medical literature that [she] research[ed] herself" or "contact[] experts outside the company for their opinions." *Id.* Similarly, Rutherford emphasizes that medical director Kimberly Warren Ellis testified that she was not trained in orthopedic surgery and that when reviewing a claim, she did not "consult any medical literature other than the HCSC medical policy." SUF at 5-8. These excerpts are profoundly misleading because they fail to acknowledge that coverage decisions for any given procedure are guided by BCBSMT's written medical policies, which *themselves* are based on the most up-to-date medical literature and on extensive research by medical experts in the relevant field. *See* Exhibit A.

- Relatedly, Rutherford's SUF fails to acknowledge that BCBSMT's medical policy entitled "Cervical Spinal Fusion," which governed Rutherford's claim, was based on extensive research by medical experts in the field of orthopedics. *See* Exhibit A. That policy stated that surgery was indicated where "*radiographic evidence* of cervical nerve root compression (*as documented by MRI*) (emphasis added). This medical policy was published online and available to both Rutherford and the Mayo Clinic.

BCBSMT has now begun the process of securing declarations to refute these disputed facts but requires additional time to complete interviews and finalize declarations for the Court. Courts routinely grant extensions of time for this purpose. *See, e.g., Pinson v. Prieto*, No. ED CV-10-811-PSG(SP), 2013 WL 12377242, at *2 (C.D. Cal. Oct. 17, 2013) ("If plaintiff requires additional time to obtain declarations to submit in opposition to the summary judgment motions, the court will consider a request for a reasonable extension of time to allow plaintiff to obtain such declarations.").

Additionally, BCBSMT requires additional time to secure a declaration from an expert witness, who will counter Rutherford's claim that the investigation conducted by BCBSMT into his claim was not "reasonable" or based on all "available" information. As stated above, BCBSMT anticipates that the expert's declaration will discuss standard practices in the health insurance industry with respect to, among other things: (1) reliance on providers to supply all documentation necessary to determine whether a given procedure is medically necessary; (2) the burden that would result from a policy affirmatively requiring health insurers to contact providers to obtain additional documentation that may or may not exist. The expert would also opine as to the reasonableness of the investigation that BCBSMT conducted into Plaintiff Rutherford's claim.

Although BCBSMT planned, pursuant to the Court's scheduling order, to have several more months to gather this information, it will endeavor to obtain it over the course of the next sixty (60) days in the event the Court declines to afford BCBSMT the requested relief of a stay until discovery closes.[1]

## CONCLUSION

For the foregoing reasons, BCBSMT respectfully requests that the Court grant its motion to stay briefing on Plaintiff Rutherford's MPSJ until discovery has closed and class certification is settled, or in the alternative, to deny Rutherford's MPSJ without prejudice under Federal Rule of Civil Procedure 56(d) to allow BCBSMT can secure fact additional discovery to enable it to oppose the MPSJ, or in the alternative, for an extension of 60 days to file its response.

//

---

[1] Counsel for BCBSMT met and conferred with Plaintiff's counsel on BCBSMT's proposed extension of 60 days to file its opposition to Rutherford's MPSJ. Plaintiff's counsel agreed to an extension of only fourteen (14) days, which is wholly inadequate for the reasons set forth above. In order to allow the Court time to rule on this motion, BCBSMT is submitting, on the same day as this motion, an unopposed motion for a 14-day extension of BCBSMT's time to file its opposition.

DATED this 13th day of August, 2025.

      BROWNING, KALECZYC, BERRY & HOVEN, P.C.

      By: */s/ Daniel J. Auerbach*
        Daniel J. Auerbach
        M. Christy S. McCann

      -and-

      CROWELL & MORING LLP

      By: Martin J. Bishop
        Robert C. Deegan (*Pro Hac Vice*)
        Tracy A. Roman (*Pro Hac Pending*)

    *Attorneys for Health Care Service Corporation*
    *d/b/a Blue Cross and Blue Shield of Montana*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that on this 13th day of August 2025, pursuant to L.R. 7.3, this memorandum does not exceed 3,913 words.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of August, 2025, a true copy of the foregoing was served:

Via ECF to the following parties:

John Morrison
Scott Peterson
Morrison, Sherwood, Wilson & Deola, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601

                                  /s/ *Daniel J. Auerbach*
                                  BROWNING, KALECZYC, BERRY & HOVEN, P.C.