Daniel J. Auerbach
Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
201 West Railroad Street, Suite 300
Missoula, MT 59802
ph. (406) 728-1694 / fax (406) 728-5475
daniel@bkbh.com
christy@bkbh.com

Martin J. Bishop
Robert C. Deegan (*Pro Hac Vice*)
CROWELL & MORING LLP
455 North Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
ph. (312) 321-4200 / fax (202) 628-5116
mbishop@crowell.com
rdeegan@crowell.com

Tracy A. Roman (*Pro Hac Vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
ph. (202) 624-2500 / fax (202) 628-5116
troman@crowell.com

*Attorneys for Health Care Service Corporation*
*d/b/a Blue Cross and Blue Shield of Montana*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| JOHNNY C. RUTHERFORD, JR. and MARY RUTHERFORD, <br><br> Plaintiffs, <br><br> v. | Case No. 6:24-cv-00081-BMM <br><br> **DEFENDANT BLUE CROSS AND BLUE SHIELD OF MONTANA'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION [ECF 96, 105, 111]** |

HEALTH CARE SERVICE
CORPORATION, A Mutual Legal
Reserve Company, doing business in
Montana as Blue Cross and Blue Shield
of Montana, and MONTANA
UNIVERSITY SYSTEM,

        Defendants.

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...........................................................................1

II.  BACKGROUND ............................................................................2

III.  A CLASS SEEKING INDIVIDUALIZED RELIEF, INCLUDING
CLAIM REPROCESSING, IS NOT PROPER FOR
CERTIFICATION UNDER RULE 23(B)(2)....................................9

    A.  The Supreme Court Made Clear In *Wal-Mart Stores, Inc. v.
Dukes* That Claims For Individualized Relief Cannot Be
Certified Under Rule 23(b)(2)............................................11

    B.  Applying the Principles From *Dukes* To These Facts
Demonstrate That The Relief Plaintiff Seeks Is Not Suitable For
Certification Under Rule 23(b)(2)......................................14

        1.  The reprocessing of claims is not the type of "indivisible"
classwide relief for which a (b)(2) class is appropriate. ..........14

        2.  Plaintiff cannot show that all members of this class were
injured at all by BCBSMT's procedures, much less in an
identical way that would benefit from a uniform
injunction. ...............................................................19

        3.  A (b)(2) class, which does not provide for procedural
protections such as notice and opt-out, threatens due
process rights of the absent class members. ...........................20

    C.  The Cases Relied On By Plaintiff Demonstrate That The
Reprocessing Claim Cannot Be Certified Under Rule 23(b)(2). .......22

IV.  CONCLUSION.............................................................................26

DCACTIVE-81166877.8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins.*,
 938 F.3d 1170 (11th Cir. 2019) ....................................................17, 18

*Ballas v. Anthem Blue Cross Life & Health Ins. Co.*,
 No. 12-00604 MMM, 2013 WL 12119569 (C.D. Cal. April 29,
 2013) .........................................................................................24, 25

*Cholakyan v. Mercedes-Benz, USA, LLC*,
 281 F.R.D. 534 (C.D. Cal. 2012).......................................................18

*Collins v. Anthem, Inc.*,
 No. 20-CV-01969 (SIL), 2024 WL 1172697 (E.D.N.Y. Mar. 19,
 2024) ................................................................................................24

*Cumalander v. BlueCross BlueShield of Tennessee, Inc.*,
 No. 1:24-cv-176, 2024 WL 5126272 (E.D. Tenn. Dec. 16, 2024)...............23, 24

*Des Roches v. California Physicians' Service*,
 320 F.R.D. 486 (N.D. Cal. 2017)..................................................22, 23

*Ellis v. Costco Wholesale Corp.*,
 657 F.3d 970 (9th Cir. 2011) .........................................................9, 14

*Houston v. Marod Supermarkets, Inc.*,
 733 F.3d 1323 (11th Cir. 2013) ........................................................18

*Jamie S. v. Milwaukee Pub. Schs.*,
 668 F.3d 481 (7th Cir. 2012) ...........................................................18

*Kazda v. Aetna Life Ins. Co.*,
 No. 19-cv-02512-WHO, 2022 WL 1225032 (N.D. Cal. Apr. 26,
 2022) .........................................................................................23, 24

*Meidl v. Aetna, Inc.*,
 No. 15-cv-1319 (JCH), 2017 WL 1831916 (D. Conn. May 4, 2017) ..........23, 24

DCACTIVE-81166877.8

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) .................................................................................*passim*

*Wit v. United Behav. Health*,
  317 F.R.D. 106 (N.D. Cal. 2016) ........................................................21

*Wit v. United Behav. Health*,
  79 F.4th 1068 (9th Cir. 2023) ....................................................*passim*

*Wit v. United Behav. Health*,
  No. 14-cv-02346-JCS, 2017 WL 930776 (N.D. Cal. Mar. 9, 2017) ...........21, 22

## Other Authorities

Fed. R. Civ. P. 23(a) ..........................................................................9, 10, 16

Fed. R. Civ. P. 23(b) ...........................................................................*passim*

Fed. R. Civ. P. 65(d) ...........................................................................15

Richard A. Nagareda, *Class Certification in the Age of Aggregate
  Proof*, 84 N.Y.U.L. Rev. 97, 132 (2009) ...........................................12

DCACTIVE-81166877.8

## I.    Introduction

Defendant Health Care Service Corporation ("HCSC"), an Illinois Mutual Legal Reserve Company doing business in Montana as Blue Cross and Blue Shield of Montana ("BCBSMT"), seeks reconsideration of the Court's June 11, 2025 Order granting Plaintiff Johnny C. Rutherford's motion for class certification. (Doc. 96) ("Certification Order"). This Court certified a class under Rule 23(b)(2) composed of any Montanan belonging to a non-ERISA health plan administered by BCBSMT whose claim was denied under an alleged "Not Medically Necessary Standard Operating Procedure" and seeking reprocessing of those denied claims.[1]

For numerous reasons, certification of a (b)(2) class is improper. The Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) made clear that claims for individualized relief like that sought here, cannot be certified under Rule 23(b)(2). The Court laid out three important principles delineating when a (b)(2) class is appropriate. Plaintiff meets none.

---

[1] The Court subsequently vacated the (b)(2) class in its July 31, 2025 order granting in part and denying in part BCBSMT's motion for leave for reconsideration, (Doc. 105 at 7 & 10), and confirmed in its August 6, 2025 order that the (b)(2) class remains vacated. (Doc. 111 at 2.) Although the July 31 and August 6 orders effectively mooted the relief BCBSMT sought in its motion for leave for reconsideration (*i.e.*, vacatur of the (b)(2) class without prejudice to permit the parties to complete discovery), BCBSMT interprets that portion of the August 6 order directing BCBSMT to file a motion for reconsideration by August 15 as granting BCBSMT an opportunity to brief the propriety of a (b)(2) class.

First, the reprocessing of a massive volume of individual denied claims is not the type "indivisible" classwide relief for which a mandatory (b)(2) class is appropriate. Second, Plaintiff cannot show that each member of the sprawling class, which encompasses individuals whose claims involved *any* form of medical treatment, were actually injured by the "Not Medically Necessary Standard Operating Procedure," and injured in an identical way, such that each and every class member is entitled to and would be benefitted by a single uniform injunction. Third, proceeding with a (b)(2) class for a reprocessing claim, which does not provide for procedural protections such as notice and opportunities for individuals to opt-out, threatens important due process rights of the absent class members, who may wish to pursue their own claims for improperly denied benefits. The cases relied upon by Plaintiff are inapposite; they do not support his position that a reprocessing claim can be certified as a (b)(2) class.

Therefore, this Court should deny Plaintiff's request for certification of a reprocessing claim under (b)(2).

## II.    Background

Plaintiff seeks to represent a class of individuals whom he alleges were improperly denied benefits based on a BCBSMT "Standard Operating Procedure." (Doc. 4.) Plaintiff's personal claim is based on allegations that he underwent a surgical procedure for which BCBSMT, as the administrator of his employee health

insurance plan, denied coverage on the ground that it was medically unnecessary. (Doc. 4 ¶¶ 11-13.) The Second Amended Complaint details how BCBSMT reviewed Plaintiff's claim, including the numerous communications among BCBSMT, Plaintiff, and Plaintiff's medical providers that followed his initial benefit denial. (*See* Doc. 4, ¶¶ 14-31.) Ultimately, BCBSMT *overturned Plaintiff's denial and paid Plaintiff's provider* for the procedure. (Doc. 4 ¶ 37.)

Plaintiff contends that BCBSMT "systematically" denies claims on medical necessity grounds "without performing a reasonable investigation—or any investigation at all." (Doc 4. ¶ 40.) In support of this claim, Plaintiff alleges that when claims are submitted to BCBSMT for processing, there are certain services, *i.e.*, those for which BCBSMT has a specific medical policy, that are automatically flagged as requiring a medical necessity review. (Doc. 4 ¶ 41.) As Plaintiff notes, BCBSMT has already produced over 10,000 pages of medical policies. (*Id.*) Plaintiff alleges that, as part of BCBSMT's process for assessing medical necessity, ███

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

Plaintiff alleges that ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

Plaintiff alleges that he and others "similarly situated" were harmed by BCBSMT's policy and thus seeks to represent a class composed of:

> All policyholders and plan members covered under non-ERISA health plans in Montana that are administered by HCSC and subject to Montana claim handling law, who have had claims denied by HCSC within the applicable statute of limitations period, pursuant to the NMN SOP, on grounds that the medical procedure being billed was "not medically necessary."

(Doc. 4 ¶ 83.) Plaintiff's expansive class definition encompasses members with medical necessity denials of *any* claim, regardless of the service sought, the

condition for which it was provided, or the terms of the specific medical policy governing the claim, so long as the claimant belonged to a non-ERISA health plan in Montana that BCBSMT administered. As written, the proposed class even ostensibly includes members with claims that were initially denied but subsequently overturned on appeal (as Plaintiff's own claim was).

On behalf of himself and the proposed class, Plaintiff seeks various forms of declaratory, injunctive, and monetary relief, including an order requiring BCBSMT:

> to readjust all Class claims that have not been paid and either pay the claims or, before denying them, perform a reasonable investigation of the question of medical necessity based on all available information which includes, at least: (i) obtaining all medical records for the procedure in question, (ii) seeking a letter from the provider who performed the procedure regarding the necessity of the procedure, (iii) consulting a physician with the same specialty credentials as the treating provider, and (iv) interviewing the policyholder/patient regarding the whether they believe the procedure was successful.

(Doc. 4 at 44.)

On January 3, 2025, before the parties had a chance to conduct class discovery, Plaintiff prematurely moved to certify the proposed class set forth in the Second Amended Complaint. (Doc. 31 at 11-12.) Plaintiff also proposed two subclasses: (1) individuals whose claims BCBSMT denied in its capacity as a plan administrator; and (2) individuals whose claims BCBSMT denied in its capacity as an insurer. (Doc. 31 at 12-13.)

Plaintiff sought certification of a Rule 23(b)(2) class as to Counts VIII and IX—the class claims seeking declaratory and injunctive relief. (Doc. 31 at 23-24.) Plaintiff also sought to certify a damages class (based on Counts X through XIV) under Rule 23(b)(3). (Doc. 31 at 24.) Plaintiff did not seek certification of any claims under Rule 23(b)(1).[2]

In response to Plaintiff's motion, BCBSMT requested that the Court stay the briefing on the class certification motion until the Court ruled on BCBSMT's pending motions to dismiss and to strike the class allegations, entered a Case Management Order, and provided the Parties sufficient time to complete discovery relevant to the class allegations. (*See* Docs. 41, 42.)

On June 11, 2025, the Court partially granted Plaintiff's class certification motion. (Doc. 96.) In so doing, the Court acknowledged that BCBSMT had challenged Plaintiff's motion as procedurally premature rather than provide a substantive response; the Court, however, did not substantively address BCBSMT's procedural arguments, instead stating that it would "treat[] this order as tentative should discovery change the outcome of class certification." (*Id.* at 6.)

After concluding that Plaintiff satisfied the Rule 23(a) criteria, the Court turned to the Rule 23(b) requirements. (*Id.* at 11-14.) The Court held that Plaintiff

---

[2] Even in the Second Amended Complaint, Plaintiff contends only that it can maintain a class action under Rule 23(b)(2) or Rule 23(b)(3). (Doc. 4 ¶ 83.)

made the requisite showing under (b)(2) because Plaintiff was seeking declaratory and injunctive relief that "would apply to the class as a whole." (*Id.* at 12.) The Court further found that the injunctive relief would involve each class member being provided "a different level of review, potentially changing the outcome of their claim status," and that "[e]ach member's claim also could potentially be adjusted monetarily after [BCBSMT] reviews the claim under the new method." (*Id.*)

As to Plaintiff's motion to certify a damages class under Rule 23(b)(3), the Court held that it "lack[ed] sufficient information" to determine whether certification was appropriate; thus, the questions of whether Plaintiff can satisfy 23(b)(3)'s requirements of predominance and superiority would remain "undecided." (*Id.* at 14.) The Court stated that it would allow class discovery to proceed and "reserve[d] the right to make findings and alter this order." (*Id.*) In this same paragraph, the Court stated that "[t]he class may be appropriately certified under (b)(1) and (b)(2)" (*id.* at 14), despite the fact that Plaintiff did not seek a (b)(1) class and the Court performed no analysis of (b)(1).[3]

On June 24, 2025, BCBSMT sought leave to file a motion for reconsideration of the Court's June 11, 2025 Order, explaining that Plaintiff was seeking individualized relief unsuited for certification under (b)(2). (*See* Doc. 101, 102 at 4-

---

[3] BCBSMT reasonably interpreted the order's passing reference to (b)(1) to be a typographical error.

6.).[4] On July 31, 2025, the Court issued an order that among other things vacated its prior ruling certifying a (b)(2) class, because "Rule 23(b)(2) classes do not provide individualized relief of the type that potentially would be available to the class as defined by [Plaintiff]." (Doc. 105 at 7.)

On August 4, 2025, Plaintiff sought leave to file a motion for reconsideration of the Court's July 31, 2025 Order. (Doc. 109.) Plaintiff argued that (1) it had not been given an opportunity to respond to BCBSMT's request for leave to file a motion for reconsideration of the June 11, 2025 Order and (2) the Court properly certified the class under (b)(2). (Doc. 110.)

On August 6, 2025, the Court issued an order stating that it would "benefit from having the class certification issue fully briefed before making a decision to modify the nature of the class" and setting a briefing schedule for BCBSMT's motion for reconsideration of the June 11, 2025 Order on class certification. (Doc. 111 at 1-2.) The order clarified that its ruling certifying a (b)(2) class remained vacated, while the "previous ruling establishing a Rule 23(b)(1) class" and "[a]ll other aspects of the Court's [June 11, 2025 Order] remain in effect." (*Id.* at 2-3.)

---

[4] Concurrent with its motion for leave to seek reconsideration, BCBSMT also filed a Rule 23(f) petition with the Ninth Circuit Court of Appeals seeking interlocutory review of the June 11, 2025 Order. (*See* Doc. 103.)

Pursuant to the Court's August 6, 2025 order, BCBSMT submits this brief in support of its position that the classwide reprocessing relief that Plaintiff seeks cannot be certified under Rule 23(b)(2).

## III. A Class Seeking Individualized Relief, Including Claim Reprocessing, Is Not Proper For Certification Under Rule 23(b)(2).

Not all class actions are alike. The Federal Rules establish three distinct types of class actions and the differences between them are significant. As particularly relevant here, the "mandatory" classes established by Rule 23(b)(1) and (b)(2) are intended for cases where the predominant relief sought is a single, indivisible remedy that will apply to and benefit the entire class, such that notice and an opportunity to opt out of the class would be unnecessary. In contrast, where more individualized relief is sought, a class action may only be maintained, if at all, under Rule 23(b)(3), which comes with additional requirements to ensure the superiority of a class action as a means of resolving the putative class's claims and more robust procedural safeguards to ensure the due process rights of unnamed class members are protected.[5]

---

[5] Before a court even considers whether a putative class may be certified under Rule 23(b), it must first determine whether the plaintiff has met each of the four prerequisites set forth under Rule 23(a). *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (district court must engage in a "rigorous analysis" of each Rule 23(a) factor when determining whether a plaintiff seeking class certification has met the requirements of Rule 23). BCBSMT maintains that Plaintiff has not met his burden under Rule 23(a). As set forth in BCBSMT's motion to strike, Plaintiff's personal claims are not typical of the putative class's claims and he is not

Here, Plaintiff seeks only a vague injunction requiring BCBSMT to perform a "reasonable investigation" before denying a claim for lack of medical necessity, (*see* Doc. 4 ¶ 99), but also go back and reprocess potentially thousands of individual past claim denials involving an untold number of different circumstances and requests for services. Such individualized relief is not permitted under 23(b)(2). Rather, relief of the type Plaintiff seeks can proceed as a class action only by meeting the more demanding criteria set forth under Rule 23(b)(3). Plaintiff cannot avoid Rule 23(b)(3)'s more exacting standards and concomitant procedural protections for unnamed class members by packaging individual claims for denied benefits into an all-encompassing "injunction" for reprocessing.[6]

---

an adequate representative of the class. (*See* Doc. 13 at 14-15 (arguing that Plaintiff fails to meet the typicality and adequacy requirements of Rule 23(a)(3) and (a)(4)).) Plaintiff is not an adequate class representative, particularly as it relates to reprocessing, given that his claim denial *has already been overturned and paid* and he therefore lacks any personal stake in pursuing reprocessing. (Doc. 4 ¶ 37.) Moreover, as discussed in BCBSMT's motion to stay briefing on Plaintiff's class certification motion, the "rigorous analysis" demanded by Rule 23(a) cannot be completed until the record had been sufficiently developed for the Court to determine whether Plaintiff can meet each of the Rule 23(a) criteria. (*See* Doc. 42 at 2.) Thus, notwithstanding any tentative determination the Court may reach regarding class certification, BCBSMT's preserves its right to hold Plaintiff to his burden of demonstrating that each of the Rule 23(a) criteria are satisfied.

[6] Though not at issue in this motion given the Court's decision to delay ruling on certification under Rule 23(b)(3) until additional discovery is completed, BCBSMT maintains that Plaintiff plainly cannot meet the Rule 23(b)(3) criteria in this case, including the requirement that questions of law or fact common to class members predominate over any questions affecting only individual class members. Plaintiff's decision to seek certification of a class composed of claims that were denied at different times, under different medical policies, and under different levels of review

A.    **The Supreme Court Made Clear In *Wal-Mart Stores, Inc. v. Dukes* That Claims For Individualized Relief Cannot Be Certified Under Rule 23(b)(2).**

One of the instances in which the Federal Rules permit a class action is when the Rule 23(a) prerequisites are satisfied and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). However, the Supreme Court has held that Rule 23(b)(2) "does *not* authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011) (emphasis added). Nor does it "authorize class certification when each class member would be entitled to an individualized award of money damages." *Id.; see also id.* at 361 ("In none of the cases cited by the Advisory Committee as examples of (b)(2)'s antecedents did the plaintiffs combine any claim for individualized relief with their classwide injunction.").

The Supreme Court has explained that "[t]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory relief warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the

---

(among countless other potential differences) means that individual questions will overwhelm any purportedly common questions of law or fact that Plaintiff may proffer.

class members or as to none of them.'" *Id.* at 360 (quoting Richard A. Nagareda,

*Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L. Rev. 97, 132 (2009)).

The mixing of relief applicable to an entire class with more individualized relief is

"inconsistent with the structure of Rule 23(b)" and at odds with the "traditional

justifications for class treatment" from which Rule 23 sprang. *Id.* at 361-62. And

while the Advisory Committee drafted Rule 23(b)(3) to expand the availability of

class treatment beyond the traditional, mandatory classes, it recognized that with the

expansion of class treatment to cover more individualized forms of relief should

come "greater procedural protections," including "predominance, superiority,

mandatory notice, and the right to opt out." *Id.* These protections are not needed

where the class "seeks an indivisible injunction benefiting all its members at once"

because, for example, "notice has no purpose when the class is mandatory" and

"depriving people of their right to sue in this manner complies with the Due Process

Clause." *Id.* at 363.

Dukes* also emphasizes that where the class includes members who may not

actually be entitled to relief, a (b)(2) class is necessarily improper. *See Dukes*, 564

U.S. at 364-65 (holding (b)(2) class was improper because it included members "no

longer employed by Wal-Mart [who] lack[ed] standing to seek injunctive or

declaratory relief against its employment practices"). That is because in such

situations a court is no longer issuing injunctive or declaratory relief as to "all of the

- 12 -

class members or as to none of them." *Id.* at 361, 364-65; *see also Wit v. United Behav. Health*, 79 F.4th 1068, 1086-87 (9th Cir. 2023) (district court abused its discretion in granting certification of class that would require healthcare plan to "reprocess" claims without regard to whether individual claims were properly denied).

Three important principles thus emerge from the Supreme Court's analysis of Rule 23(b)(2). First, class actions under Rule 23(b)(2) are appropriate only when the plaintiff is seeking injunctive or declaratory relief that will provide a uniform benefit to the entire class, rather than individualized relief. Second, because the sought-after relief must benefit the entire class, the plaintiff must demonstrate that the entire class is entitled to receive the relief. And third, because Rule 23(b)(2) does not provide for the procedural protections of notice and an opportunity for individual class members to opt out of the class, where a putative class seeks the kind of relief for which due process demands class members be given the chance to opt out, certification should not be granted under Rule 23(b)(2). Each of these principles militates in favor of denying certification under Rule 23(b)(2) of a class seeking reprocessing of thousands of individual, unrelated claims for medical benefits, as Plaintiff does here.

**B.**    **Applying the Principles From *Dukes* To These Facts Demonstrate That The Relief Plaintiff Seeks Is Not Suitable For Certification Under Rule 23(b)(2).**

*Dukes* and numerous cases that followed, both from within the Ninth Circuit and beyond, confirm that allowing Plaintiff to pursue the reprocessing relief he seeks here via a mandatory (b)(2) class would violate Rule 23 and the due process rights of the unnamed class members. Shortly after *Dukes* was decided, the Ninth Circuit recognized that claims for individualized relief cannot be certified under (b)(2), and that an essential element of a (b)(2) class is the "indivisible nature of the injunctive or declaratory remedy warranted." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 987 (9th Cir. 2011). The Ninth Circuit further acknowledged in *Ellis* that correctly distinguishing between (b)(2) and (b)(3) classes is not a frivolous exercise but instead has serious implications for the rights of the absent class members. *See id.* ("The absence of [Rule 23(b)(3)'s procedural] protections in a class action predominantly for money damages violates due process."). Applying these principles in this case demonstrates that certification under (b)(2) should be denied.

**1.**    **The reprocessing of claims is not the type of "indivisible" classwide relief for which a (b)(2) class is appropriate.**

*First*, Plaintiff does not seek a single, indivisible remedy. To the contrary, Plaintiff seeks to have BCBSMT reevaluate potentially thousands of different claims submitted by different individuals seeking different treatments for different medical issues. Indeed, Plaintiff's proposed class definition covers *any* claim for *any* type of

treatment that BCBSMT denied for lack of medical necessity, despite the fact that medical necessity was determined by reference to a specific medical policy governing the particular service or treatment for which coverage was requested. (*See* Doc. 4 ¶ 49.) BCBSMT has hundreds of different medical policies covering different treatments and conditions, set forth within thousands of pages of policy documents. (*See* Doc. 4 ¶ 41.) But in attempting to construct a reprocessing remedy that encompasses the unavoidably varied factors at play among the different claims that comprise the Class, Plaintiff suggests that a vague, one-size-fits-all approach to reprocessing will suffice. (*See* Doc. 4 at 44.) Plaintiff's demand that BCBSMT perform a "reasonable investigation of the question of medical necessity" falls well short of an injunction stated in specific terms that describes in detail "the act or acts restrained or required." *See* Fed. R. Civ. P. 65(d)(1)(C). A proper, enforceable injunction requiring reprocessing of a claim would necessarily need to reference the particular service at issue and the relevant BCBSMT medical policy governing that service. Because Plaintiff seeks to certify a class containing an innumerable amount of different claims governed by different medical policies, there is no single, indivisible reprocessing remedy that can be awarded to the entire class.

Even Plaintiff's attempts to provide a list of apparently non-exhaustive actions BCBSMT must undertake as part of a "reasonable investigation" into medical necessity quickly break down upon consideration of the differences among the

various claims within the class. For instance, Plaintiff complains of BCBSMT's alleged practice of having medical directors "who have no (or unrelated) specialty certification" evaluate claims for medical necessity, (Doc. 4 ¶ 51), but how then is BCBSMT to go about reprocessing claims where the provider had multiple specialty credentials or none at all? (Doc. 4 at 43 (seeking reprocessing of claims that includes, among other things, "consulting a physician with the same specialty credentials at the treating provider").) Or what of denials where the original medical director in fact had "the same specialty credentials as the treating provider"? Could the same claim then be reprocessed by the same medical director, and to what end? *See Wit*, 79 F.4th at 1086-87 (holding that ordering reprocessing of a denied benefit claim is inappropriate where doing so would be a "useless formality" because the defendant's alleged error did not prejudice the claimant). Such differences among the different claims that comprise the class underscore the overbreadth of the class and the impracticability of Plaintiff's attempt to construct a reprocessing injunction that addresses the indisputably disparate circumstances among the denials that comprise the class.[7]

---

[7] The expansive breadth of Plaintiff's proposed class poses problems not only for crafting an indivisible remedy for Rule 23(b)(2) purposes, but also for Plaintiff's ability to meet the commonality requirements of Rule 23(a)(2). Like the plaintiffs in *Dukes*, who alleged that they were subjected to a gender-based discriminatory pay and promotion policy by their employer, the differences among the various class members prevented them from satisfying Rule 23(a)(2)'s commonality requirement. *See Dukes*, 564 U.S. at 359-360 (agreeing with district court's determination that

Even outside the Ninth Circuit, other circuits have found the type of relief that Plaintiff seeks here to be essentially a dressed up claim for damages, rather than a claim for indivisible injunctive relief that can be certified under Rule 23(b)(2). For example, in *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins.*, 938 F.3d 1170 (11th Cir. 2019) ("Suncoast"), the plaintiffs accused the defendant insurance companies of improperly determining that individuals involved in auto accidents did not experience an "emergency medical condition" as a means of capping personal injury protection coverage. *Id.* at 1172-73. Plaintiffs argued that the defendants' policy of allowing non-treating physicians to make "emergency medical condition" determinations violated Florida law and sought an injunction that "would mandate that [defendant] *reprocess* all claims previously capped at $2,500 based on an outside [emergency medical condition] determination." *Id.* at 1175. The Eleventh Circuit rejected the plaintiffs' efforts to certify a class under (b)(2) and "sidestep" the more demanding requirements of (b)(3). *Id.*

*Suncoast* emphasizes that (b)(2) classes are intended for classes seeking prospective injunctive relief, rather than remedying past harms. As the court

---

plaintiffs holding different jobs, at different stores, working for different supervisors, had "little in common but their sex and this lawsuit"). Here, the class is composed of individuals who filed claims for different services to treat different medical conditions at different times, not to mention any number of other potential differences among the class membership, such as the extent to which they appealed their initial adverse benefit decision. Like in *Dukes*, the class here has little in common but their claim denial and this lawsuit.

explained, "an injunction must be geared toward preventing *future* harm." *Id.* (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328-29 (11th Cir. 2013)). Just like in *Suncoast*, the relief sought by Plaintiff here is inherently retrospective and "looks back at *past* harms." *Suncoast,* 938 F.3d at 1175. Indeed, membership in the class is *defined* by having been denied a claim pursuant to BCBSMT's alleged "standard operating procedure." (Doc. 96.) The putative class in *Suncoast* was similarly defined to include only individuals who had been subjected to the defendant insurance company's policy, "mak[ing] clear that [the] purported injury [was] entirely retrospective." *Suncoast,* 938 F.3d at 1175. "Simply put, the denial of insurance coverage . . . is a retrospective harm" and therefore "Rule 23(b)(2) is not the right path to class certification." *Id.* at 1175-78.

Other circuits likewise agree that efforts to circumvent Rule 23(b)(3) by taking individual claims against the defendant and packaging them into a reprocessing "injunction" is improper under Rule 23. *See, e.g.*, *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 499 (7th Cir. 2012) (reversing (b)(2) certification where plaintiffs "superficially structured their case around a claim for class-wide injunctive and declaratory relief" but "as a substantive matter the relief sought would merely initiate a process through which highly individualized determinations of liability and remedy are made"); *see also Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 559 (C.D. Cal. 2012) (denying certification under

- 18 -

(b)(2) in defective vehicle case where declaratory relief would not benefit the entire class and plaintiffs' proposed "injunction" requiring the defendant to establish a program to reimburse vehicle owners "essentially plac[ed] the onus on defendant to assess the compensation due individual class members"). That is precisely what Plaintiff seeks to do here. But Plaintiff should not be allowed to skirt the carefully-constructed rules for class actions under Rule 23(b) simply because he wishes to pursue individualized reprocessing relief on behalf of a sprawling, diverse class.

> **2.    Plaintiff cannot show that all members of this class were injured at all by BCBSMT's procedures, much less in an identical way that would benefit from a uniform injunction.**

*Second*, Plaintiff has not pleaded or otherwise demonstrated his ability to prove that each member of the class was harmed by BCBSMT's alleged standard operating procedure for evaluating claims for medical benefits, such that every class member is entitled to have his or her claim reprocessed. Rather, Plaintiff contends that BCBSMT failed to perform a "reasonable investigation" into the class's claims, purportedly by failing to look beyond initially received medical records, but does not address what type of relief is owed to class members whose claims, for example, received a more exhaustive review from BCBSMT, perhaps following an appeal of the initial adverse benefit decision. In fact, Plaintiff's *own claim* received additional review from BCBSMT and was ultimately overturned and paid. (Doc. 4 ¶ 37.) Plaintiff has not shown how he intends to demonstrate that his own claim is entitled

to reprocessing, let alone prove that each and every class member's claim was so deficient that reprocessing of the claim would be appropriate—in other words, something other than a "useless formality." *See Wit*, F.4th at 1086-87.

Indeed, the Court itself seemed to recognize that the putative class members' claim denials arose from varying circumstances and varying forms of initial review, from which it can only be speculated whether any particular class member was actually injured and entitled to relief. (Doc. 96 at 12 (recognizing that under Plaintiff's requested course of action "each class member would be provided a different level of review" that could "potentially" result in a change to their claim status)). Plaintiff simply cannot demonstrate that each member of the broad class he seeks to lead was injured at all—certainly Plaintiff himself is uninjured given that his denial was overturned—let alone injured in precisely the same way such that a single classwide injunction will provide full and final relief.

### 3. A (b)(2) class, which does not provide for procedural protections such as notice and opt-out, threatens due process rights of the absent class members.

*Third*, allowing Plaintiff's reprocessing claim to proceed under (b)(2) risks violating the due process rights of the unnamed class members. In *Wit*, a case from the Northern District of California involving claims that closely resemble Plaintiff's here, the court concluded that reprocessing was a sufficiently individualized remedy to warrant the procedural protections of a (b)(3) class. There, plaintiffs alleged that

the defendant health plan administrator developed a policy that led to improper denial of claims for mental health and substance use disorder treatment services. *Wit v. United Behav. Health*, 317 F.R.D. 106, 114-15 (N.D. Cal. 2016). Like here, the plaintiffs sought, in addition to prospective injunctive and declaratory relief, an injunction requiring the defendant to reprocess the class's claims under a different standard. *Id.* Given the mix of relief sought, the district court granted certification of (b)(1), (b)(2), and (b)(3) classes. *Id.* at 131-39. But subsequently, when the time came to provide notice to the class, the plaintiffs argued that reprocessing relief could be awarded under (b)(1) or (b)(2), and therefore not only was it unnecessary to provide class members an opportunity to opt out of the class, but also the Rule 23(b)(3) class could be decertified altogether. *Wit v. United Behav. Health*, No. 14-cv-02346-JCS, 2017 WL 930776, at *6 (N.D. Cal. Mar. 9, 2017).

The *Wit* court rejected the plaintiffs' request to treat reprocessing as a (b)(1) or (b)(2) remedy, holding that there were "sound reasons" for treating reprocessing as a (b)(3) remedy requiring notice and allowing class members to opt out. *Id.* The court explained that individual class members may have other claims arising from a denied benefits claim and that "a class member may nonetheless prefer to assert all of their claims relating to a denial of benefits in a single proceeding rather than having to go through two proceedings to challenge a denial of benefits." *Id.* Because some class members may "prefer to forego any reprocessing remedy that may be

ordered in this case in favor of a proceeding where they can assert all of their challenges in a single (or different) forum," the court concluded that reprocessing was not a mandatory remedy and that class members were entitled to an opportunity to opt out of the class under (b)(3). *Id.*

The same reasoning holds with equal force here. Members of the putative class in this action may have multiple personal claims against BCBSMT related to a benefits denial that the class member may wish to pursue together, or may already be pursuing their own claims, independent of the class's claim for reprocessing. Such a scenario not only reaffirms the individualized nature of the relief sought but also gives rise to due process concerns that cannot be simply disregarded. Thus, Plaintiff's reprocessing demand is ill suited for class treatment under Rule 23(b)(2) and demands the procedural protections of Rule 23(b)(3).

### C. The Cases Relied On By Plaintiff Demonstrate That The Reprocessing Claim Cannot Be Certified Under Rule 23(b)(2).

The scattered, non-binding authority cited in Plaintiff's motion for leave to file a motion for reconsideration fails to show that certification of the reprocessing claim under (b)(2) is appropriate. (*See* Doc. 110 at 5-7.) For instance, Plaintiff points to *Des Roches v. California Physicians' Service*, 320 F.R.D. 486, 510 (N.D. Cal. 2017), a district court decision that relied heavily on the initial class certification decision in *Wit*, *see id.* at 498, but failed to address the *Wit* court's subsequent recognition that the plaintiffs' claim for reprocessing relief called for the procedural

- 22 -

protections of a (b)(3) class. *See supra* Section III.B.3. Plaintiff cites other district court cases that in turn relied on *Des Roches*'s flawed, incomplete reasoning to support a conclusion that reprocessing relief is certifiable under (b)(2). *See Kazda v. Aetna Life Ins. Co.*, No. 19-cv-02512-WHO, 2022 WL 1225032, at *10 (N.D. Cal. Apr. 26, 2022) (citing and discussing *Des Roches* as basis for conclusion that reprocessing may be certified under (b)(2)); *Cumalander v. BlueCross BlueShield of Tennessee, Inc.*, No. 1:24-cv-176, 2024 WL 5126272, at *7 (E.D. Tenn. Dec. 16, 2024) (citing *Des Roches* and *Kazda* as support for determination that class seeking reprocessing could be certified under (b)(2)); *see also Meidl v. Aetna, Inc.*, No. 15-cv-1319 (JCH), 2017 WL 1831916, at *22 (D. Conn. May 4, 2017) (quoting from *Wit*'s original class certification order but making no mention of subsequent holding acknowledging need for (b)(3) opt-out rights for class seeking reprocessing).

Moreover, Plaintiff's cases only serve to highlight the overbreadth of the class here and the issues with Plaintiff's request for an all-encompassing reprocessing order covering all of the putative class members' disparate claims. For example, the court in *Meidl* found that a (b)(2) class seeking reprocessing may be appropriate in cases where the defendant is "alleged to have improperly denied health insurance claims *for a certain type of treatment*." 2017 WL 1831916, at *22 (emphasis added). Entirely unlike here, the *Meidl* class was limited to individuals who had been denied coverage specifically for Transcranial Magnetic Stimulation therapy for the

treatment of major depressive order. *See id.* at *1. Most of Plaintiff's other cases similarly involved narrow classes seeking reprocessing of claims for a specific treatment but were denied based on a specific medical policy of the defendant. *See, e.g.*, *Ballas v. Anthem Blue Cross Life & Health Ins. Co.*, No. 12-00604 MMM (FFMx), 2013 WL 12119569, at *3 (C.D. Cal. April 29, 2013) (putative class composed of individuals denied disc replacement to treat cervical disc disease under a specified medical policy of defendant); *Cumalander*, 2024 WL 5126272, at *2 (putative class composed of individuals denied benefits for proton beam radiation therapy the treatment of prostate cancer); *Kazda*, 2022 WL 1225032, at *4 (putative class composed of individuals denied claims for liposuction for treatment of lipedema); *Collins v. Anthem, Inc.*, No. 20-CV-01969 (SIL), 2024 WL 1172697, at *4 (E.D.N.Y. Mar. 19, 2024) (putative class composed of individuals denied claims for residential treatment for behavioral health disorder).

The class for which Plaintiff seeks (b)(2) certification in this case does not resemble any of those cases. Here, the class is composed of individuals with claims for *any* kind of medical service used to treat *any* medical condition, so long as the claim was denied as "not medically necessary." Plaintiff thus seeks a broad "injunction," which the Court would need to administer and enforce, requiring BCBSMT to reprocess all manner of claim denials based on a set of general criteria. (*See* Doc. 4 at 44.) This request stands in stark contrast to the relief sought in cases

like *Ballas*, where plaintiffs sought a specific order directing the defendant to reevaluate the classes claims "without applying the SURG.00055 policy" that governed claims for cervical artificial intervertebral discs. 2013 WL 12119569, at *11. *Ballas*'s decision to permit certification under (b)(2) was thus based on the plaintiffs' challenge to a discrete, specific policy, and the ability to craft a clear injunction against applying that policy that would "deliver the same relief to every class member." *Id.* at *13.

Nothing in *Ballas* or *Miedl* suggests that the courts in those cases would have approved certification of a (b)(2) class under the circumstances here. Because Plaintiff is pursuing claims on behalf of individuals who were denied coverage for any kind of procedure, Plaintiff does not seek to merely enjoin BCBSMT from enforcing a particular policy, such as the policy against artificial intervertebral discs in *Ballas*. Instead, Plaintiff seeks a reprocessing order essentially requiring BCBSMT to replace its procedures for processing any claim for any kind of treatment with a set of vague, general criteria prepared by the Plaintiff. Plaintiff offers no precedent or support at all for this extraordinary relief, let alone authority demonstrating that such relief may be pursued on behalf of an entire class via a mandatory Rule 23(b)(2) class action.

//

## IV.    Conclusion

For the foregoing reasons, BCBSMT requests that the Court reject Plaintiff's request to certify a class under Rule 23(b)(2).

DATED this 15th day of August, 2025.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By: */s/ Daniel J. Auerbach*
     Daniel J. Auerbach
     M. Christy S. McCann

     -and-

CROWELL & MORING LLP

By: Martin J. Bishop
     Robert C. Deegan (*Pro Hac Vice*)
     Tracy A. Roman (*Pro Hac Vice*)

*Attorneys for Health Care Service Corporation d/b/a*
*Blue Cross and Blue Shield of Montana*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that on this 15th day of August 2025, pursuant to L.R. 7.3,

this memorandum does not exceed 6,331 words.


                    */s/ Daniel J. Auerbach*
                    BROWNING, KALECZYC, BERRY & HOVEN, P.C.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of August, 2025, a true copy of the foregoing was served:

Via ECF to the following parties:

John Morrison
Scott Peterson
Morrison, Sherwood, Wilson & Deola, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601


 */s/ Daniel J. Auerbach*
BROWNING, KALECZYC, BERRY & HOVEN, P.C.