Daniel J. Auerbach
Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
201 West Railroad Street, Suite 300
Missoula, MT 59802
(406) 728-1694
daniel@bkbh.com
christy@bkbh.com

Martin J. Bishop
Robert C. Deegan (Pro Hac Vice)
CROWELL & MORING LLP
300 N. LaSalle Drive
Suite 2500
Chicago, IL 60654
(312) 321-4200
mbishop@crowell.com
rdeegan@crowell.com

Tracy A. Roman (*Pro Hac Vice*)
Elizabeth Parr Hecker (*Pro Hac Vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington DC, 20004
(202) 624-2500
troman@crowell.com
ehecker@crowell.com

Emily T. Kuwahara (*Pro Hac Vice*)
CROWELL & MORING LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
(213) 622-4750
ekuwahara@crowell.com

*Attorneys for Health Care Service Corporation
d/b/a Blue Cross and Blue Shield of Montana*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHNNY C. RUTHERFORD, JR. and MARY RUTHERFORD, | Case No. 6:24-cv-00081-BMM |
| Plaintiffs, | **MEMORANDUM OF DEFENDANT BLUE CROSS AND BLUE SHIELD OF MONTANA IN SUPPORT OF MOTION FOR CLARIFICATION OF CLASS CERTIFICATION BRIEFING SCHEDULE, OR IN THE ALTERNATIVE, EXTENSION OF RESPONSE DATE** |
| v. | |
| HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company, doing business in Montana as Blue Cross and Blue Shield of Montana, and MONTANA UNIVERSITY SYSTEM, | |
| Defendants. | |

Defendant Health Care Service Corporation ("HCSC"), an Illinois Mutual Legal Reserve Company doing business in Montana as Blue Cross and Blue Shield of Montana ("BCBSMT"), respectfully requests the Court (1) clarify that BCBSMT's response to Plaintiff's Renewed, Supplemental Motion to Certify Class Under Rule 23(b)(3) (ECF No. 192, the "Rule 23(b)(3) Motion") is due on May 1, 2026 (as the current scheduling order provides), rather than within the 14-day default deadline for responses set by Local Rule 7.1(d)(1)(B)(ii); or (2) alternatively, extend the deadline for BCBSMT to respond to the Rule 23(b)(3) Motion until May 1, 2026.

As set forth below, briefing the Rule 23(b)(3) Motion now, while the parties are in the midst of completing fact and expert discovery, would be both premature and inefficient, as well as inconsistent with this Court's prior orders.

## I.    Background

On June 11, 2025, the Court denied Plaintiff's prior motion to certify a Rule 23(b)(3) class, finding "that it lack[ed] sufficient information to define a class" under Fed. R. Civ. P. 23(b)(3) and directing that the Court would "*allow class discovery to take place*." (ECF No. 96 at 14 (emphasis added)). In a July 31, 2025 Order, the Court echoed this finding, noting that it previously "declined to address whether a Rule 23(b)(3) class should be certified *because of the lack of information before the Court*" and would "allow Plaintiff to file a supplemental motion *based on ongoing class discovery*." (ECF No. 105 at 7 (emphasis added)).

The parties are currently engaged in class discovery, including both fact and expert discovery. Under the Amended Scheduling Order entered on December 29, 2025 (ECF No. 184), discovery does not close until March 27, 2026; motions related to class certification and Plaintiff's class expert report are not due until April 10, 2026; and BCBSMT's responses to any class certification-related motions are due on May 1, 2026. (ECF No. 184).[1]

---

[1] The Court entered the Amended Scheduling Order on BCBSMT's motion, which specifically noted that BCBSMT needed additional time to "brief class certification

Despite the fact that the parties are in the midst of completing fact and expert discovery, including on class issues, Plaintiff filed his Rule 23(b)(3) Motion on February 24, 45 days before the date set by the Amended Scheduling Order, creating confusion about when BCBSMT's response is due.[2]

## II.    Argument

Plaintiff's brief in support of the Rule 23(b)(3) Motion is 28 pages long and contains 6,490 words (10 words under the limit set by Local Rule 7.1(d)(2)(A) for briefs). It seeks certification under Rule 23(b)(3) only; Plaintiff vaguely indicates that he "will address (b)(1) in a separate motion," (Dkt. 189 at 7), but he does not say when he will do that. Plaintiff apparently intends to take two bites at the apple by filing two separate full-length class certification motions (potentially with the benefit of BCBSMT's opposition to the first one in hand), with the apparent goal of skirting Local Rule 7.1(d)(2)(A)'s word limit and doubling the size of his class certification submissions, and potentially sandbagging BCBSMT by requiring it to

---

issues with the benefit of [completed] fact and expert discovery." (ECF No. 179, at 7).

[2] Fifteen minutes before filing the Rule 23(b)(3) Motion, Plaintiff's counsel emailed BCBSMT's counsel and asked whether he "may . . . represent that [BCBSMT] oppose[s] the renewed motion for class certification." (Ex. 1.) This was the first time Plaintiff's counsel indicated to BCBSMT that he intended to file his Rule 23(b)(3) Motion weeks before the Amended Scheduling Order's deadline. Before awaiting a response, Plaintiff filed his Rule 23(b)(3) Motion with the statement that "[o]pposing counsel have been contacted but have not yet responded." (ECF No. 192 at 2).

respond to the Rule 23(b)(3) Motion before knowing what arguments he intends to make and what evidence he intends to rely on to support his forthcoming 23(b)(1) motion. Moreover, a subsequent, second motion on class certification would appear to run afoul of Local Rule 7.1(d)(2)(D)'s prohibition on the filing of serial motions seeking to avoid word limits, thereby warranting denial of both motions.

Plaintiff's Rule 23(b)(3) Motion relies on, among other things, expert reports from Plaintiff's liability experts Kimberlee Hewitt, Linda Peeno, and Gregory Munro served on November 14, 2025, and damages expert Charity Rowsey, served on February 13, 2026. BCBSMT has not yet deposed any of these experts. The parties agreed weeks ago on March deposition dates for experts Hewitt, Peeno and Munro. BCBSMT's damages reports are not due until March 13, 2025, after which time it intends to depose Plaintiff's damages expert Rowsey, as well as another damages expert Plaintiff disclosed on February 13.

Fact discovery is also ongoing. For example, Plaintiff continues to take Rule 30(b)(6) depositions of BCBSMT representatives; BCBSMT has designated its President Lisa Kelley to testify on March 10 on a number of topics.[3] On February 17, Plaintiff's counsel notified BCBSMT that he seeks to take three additional Rule 30(b)(1) depositions of BCBSMT former and current employees who played a role

---

[3] Plaintiff's counsel also continues to issue seriatim, confusing amended Rule 30(b)(6) deposition notices. The most recent, the Third Amended Notice, was issued on February 17. (*See* Ex. 1, at 2-3.)

in the processing of Plaintiff's claim, requesting to take one deposition beyond the 10-deposition limit set by Rule 30, and suggesting that all three depositions could be scheduled for mid- to late-April, given a March 30 trial his counsel will be occupied with.  (*See* Ex. 2). Just last week, Plaintiff's counsel successfully sought an extension until March 20 of the Amended Scheduling Order's March 6 deadline for discovery motions (to which BCBSMT did not object). (*See* ECF No. 187.)   Finally, on February 25, BCBSMT served additional document requests on Plaintiff; his responses are due on March 27.  (Ex. 3.)

Requiring BCBSMT to respond to the Rule 23(b)(3) Motion, while both fact and expert discovery are ongoing and occupying a significant amount of the parties' resources, and before Plaintiff files his promised (b)(1) motion, would be premature and unfairly prejudicial to BCBSMT. BCBSMT has the right to complete class discovery before briefing class certification issues, consistent with the Court's June 11 and July 31, 2025 Orders, including the right to depose the experts on whose opinions the Rule 23(b)(3) Motion relies. BCBSMT also has the right to complete its fact discovery into class issues, including whether Plaintiff is an adequate class representative, whether his claims are typical of those of the putative class members, and whether individualized issues predominate over any common ones. As the Court previously noted, discovery can "change the outcome of class certification." (ECF No. 105, at 5.)

In addition, it would be inefficient and prejudicial to BCBSMT to require BCBSMT to respond piecemeal to Plaintiff's class certification arguments under 23(b)(3), without knowing all of Plaintiff's class certification arguments, and then respond to Plaintiff's class certification arguments under 23(b)(1), as well as for the Court to take them up in that fashion.

Finally, courts routinely find that scheduling orders, rather than default local rules, control briefing deadlines. *See, e.g., Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, 15 (D. Conn. 1998) (case schedule's deadline for summary judgment motions controls time limit for filing such motions); *see also* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1522.1 (3d ed.) ("[T]o the extent that other pretrial motion rules suggest that particular motions can be made at any time, the precise time limits established in the scheduling order for the making of those motions will control.") (citing *Julian*).

## III.   Conclusion

For the foregoing reasons, BCBSMT requests that the Court clarify that BCBSMT's response to Plaintiff's Rule 23(b)(3) Motion, as well as its response to any other Rule 23 Motions Plaintiff files in the future, are not due until May 1, 2026. Alternatively, BCBSMT requests that the Court grant BCBSMT an extension until May 1, 2026 to file its response to the Rule 23(b)(3) Motion.

DATED this 26th day of February, 2026.

>
> BROWNING, KALECZYC, BERRY & HOVEN, P.C.
>
> By */s/ Daniel J. Auerbach*
>     Daniel J. Auerbach
>     Christy S. McCann
>
> -and-
>
> CROWELL & MORING LLP
>
> By:  Martin J. Bishop
>       Robert C. Deegan
>       Tracy A. Roman
>       Elizabeth Parr Hecker
>       Emily T. Kuwahara
>
> *Attorneys for Health Care Service Corporation*
> *d/b/a Blue Cross and Blue Shield of Montana*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that on this 26th day of February 2026, pursuant to L.R. 7.1, this memorandum does not exceed 1157 words.

By: */s/ Daniel J. Auerbach*
Daniel J. Auerbach

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2026, a true copy of the foregoing was served:

Via ECF to the following parties:

John Morrison
Scott Peterson
Morrison, Sherwood, Wilson & Deola, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601


 /s/ *Daniel J. Auerbach*
BROWNING, KALECZYC, BERRY & HOVEN, P.C