**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| JOHNNY C. RUTHERFORD, JR. and MARY RUTHERFORD, and JOHNNY RUTHERFORD on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company, doing business in Montana as Blue Cross and Blue Shield of Montana, and MONTANA UNIVERSITY SYSTEM,<br>        Defendants. | **Case No. CV-24-81-H-BMM**<br><br>**ORDER ON MOTION FOR CLARIFICATION** |

**INTRODUCTION**

Plaintiffs Johnny C. Rutherford, Jr., Mary Rutherford, and Johnny

Rutherford on behalf of those similarly situated (collectively "Rutherford"),

previously moved the Court for class certification under Fed. R. Civ. P. 23(b)(3)

and Fed. R. Civ. P. 23(c)(4). (Doc. 199.) The Court denied Rutherford's motion for

class certification on May 28, 2026. (Doc. 230.) Rutherford filed a motion to

clarify the Court's Order denying class certification ("Order"). (Doc. 231.)

Rutherford requests the Court clarify "whether the Court intended to deny a

23(c)(4) class, and if so, the basis for doing so." (Doc. 232 at 2.) Defendant Health

1

Care Service Corporation doing business in Montana as Blue Cross Blue Shield of Montana ("HCSC") opposes Rutherford's motion for clarification. (Doc. 257.)

## LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Prakash v. Walmart*, 2026 U.S. Dist. LEXIS 94834 at *12 (N.D. Cal. 2026) (quoting *McElroy v. Sifre*, 2025 U.S. Dist. LEXIS 219841 at *1 (D. Nev. Nov. 7, 2025). A party's use of a motion for clarification remains improper, however, to "merely reargue their positions" *Garrett v. Bullock*, 2015 U.S. Dist. LEXIS 89313 at *2 (D. Nev. 2015), or "raise issues that should have either been raised in the original motion or through a proper motion for reconsideration." *Padgett v. Loventhal*, 2015 U.S. Dist. LEXIS 63681 at *4 (N.D. Cal. 2015).

## DISCUSSION

Rutherford moves the Court to clarify its Order denying class certification. (Doc. 231.) The Court previously denied class certification concluding that Rutherford lacked Article III standing to seek the injunctive relief of reprocessing. (Doc. 230.) Rutherford argues that the Court's Order addresses Rutherford's proposed Rule 23(b)(3) class but "does not separately address [Rutherford's] independent ground for certification under the Federal Rules of Civil Procedure 23(c)(4)." (Doc. 232 at 2.) Rutherford now argues that the Court should certify a

2

limited issues class under Rule 23(c)(4) without regard to class wide remedies. (*Id.* at 9.) The Court addressed and now clarifies that its Order intended to deny Rutherford's Rule 23(c)(4) class. Rutherford's relief requested under Rule 23(c)(4) included a reprocessing order.

Rutherford's class certification motion requested the Court certify a Rule 23(b)(3) class and/or a Rule 23(c)(4) issues class. (Doc. 200). More specifically, and as the Court addressed in its Order, Rutherford proposed that the Court certify a Rule 23(c)(4) class "to resolve 'the class wide liability issue and reprocessing.'" (Doc. 230 at 8.) Rutherford's heading section regarding his proposed Rule 23(c)(4) class expressly stated that "[t]he Court Should also Certify a Class under 23(c)(4) for Determination of the Common Liability Issue and Right to Reprocessing." (Doc. 200 at 39.) Rutherford argued that his "use of Rule 23(c)(4) [was] to focus the Class proceedings on the determination of the common liability issues and a derivative reprocessing order" (*Id.* at 27), and his "use of (c)(4) limits adjudication to the class wide liability issue and reprocessing so that Class members may still pursue individual tort claims if the Class prevails on liability." (*Id.* at 38.)

Rutherford thus presented his proposed Rule 23(c)(4) class to the Court for the purposes of determining the following two issues: (1) the common liability question of whether HCSC's claim investigation practice violates Montana law; and (2) the requested relief of reprocessing. (*See* Doc. 200 at 34, 40, 42, and 48.)

3

Rutherford further explained reprocessing as a "derivative remedy" flowing from and not separate to the resolution of the alleged liability issue determination. (*Id*. at 39.) Rutherford framed his proposed class under Rule 23(c)(4) as Rutherford seeking class wide relief of reprocessing if the liability determination supported his proposition that HCSC's claims investigation procedure proved unlawful. (*Id*. at 39.)

The Court concluded that Rutherford lacked Article III standing to seek his reprocessing remedy as Rutherford could not benefit from reprocessing. Rutherford conceded this fact at the class certification motion hearing. Rutherford failed to make clear to the Court that he sought certification of a class under Rule 23(c)(4) absent seeking the remedy of reprocessing in his original motion. Rutherford instead argued for a Rule 23(c)(4) class for the purposes of determining both a common liability issue and the right to reprocessing issue. Rutherford's lack of standing to seek reprocessing ultimately defeated his request for class certification under Rule 23(c)(4) as his proposed 23(c)(4) class included a request for relief in the form of reprocessing.

Rutherford's stated request for certification of his proposed Rule 23(c)(4) class necessarily required the Court to have found that Rutherford himself could have benefitted from a reprocessing order and had standing to seek such a remedy. The Court determined Rutherford could not benefit from reprocessing as HCSC

had overturned Rutherford's appeal and fully paid his claim. Rutherford failed to argue for certification of a Rule 23(c)(4) class without reprocessing in his original class certification motion.

Moreover, the Court struggles to understand how Rutherford could prove injury from HCSC's allegedly unlawful claims investigation procedure without reprocessing. The arguments raised by Rutherford in his motion for clarification regarding an issues only class without regard to reprocessing or remedy (Doc. 232 at 7-10), "should have either been raised in the original motion or through a proper motion for reconsideration." *Padgett*, 2015 U.S. Dist. LEXIS 63681 at *4. A motion for clarification proves improper for the purpose of challenging the Court's Order or for re-framing its presentation of the proposed class to the Court.

The Court clarifies that it denied certifying Rutherford's Rule 23(c)(4) class as Rutherford lumped any alleged common liability issue with the issue of reprocessing. Rutherford could not represent the putative class members under the proposed Rule 23(c)(4) class framed to adjudicate "the class wide liability issue *and* reprocessing." (Doc. 200 at 38) (emphasis added). The Court could not certify Rutherford's proposed Rule 23(c)(4) class as it was presented in Rutherford's original motion.

## ORDER

Accordingly, **IT IS ORDERED** that Rutherford's Motion for Clarification (Doc. 231) is **GRANTED, in part**, and **DENIED, in part**.

1. The Court clarifies that its Order Denying Rutherford's Motion for Class Certification (Doc. 230) intended to deny Rutherford's proposed Fed. R. Civ. P. 23(c)(4) class.

2. The Court declines to consider Rutherford's arguments on class certification of a Fed. R. Civ. P. 23(c)(4) liability only class as outlined in Rutherford's Motion for Clarification.

**DATED** this 24th day of June 2026.

Brian Morris, Chief District Judge
United States District Court